## Herman Lieberman *v.* Har Nebo Cemetery Company, Inc., Appellant.

*Contracts—Sale of cemetery lots—Annulment of agreement—Substituted agreement.*

A revocation of an agreement of sale by mutual consent terminates the contract, and restores the parties to status quo. The failure of a substituted agreement will not revive the original contract.

In an action to recover money paid on account of the sale of four certain cemetery lots, it appeared that vendor and vendee revoked the original agreement by mutual consent, and orally agreed to alter the contract by substituting therefor four other cemetery lots. Later, it developed that vendor could not convey the said substituted lots, and offered to convey the four lots bargained for in the original contract. The vendee would not accept the offer to convey the original lots, and brought suit to recover back the money paid on account.

Under such circumstances there was no revival of the original agreement of sale, and the plaintiff was entitled to be reimbursed for purchase money paid on account.

Argued October 4, 1923. Appeal, No. 12, Oct. T., 1923, by defendant, from judgment of Municipal Court of Philadelphia, March T., 1923, No. 804, in favor of the plaintiff in the case tried by the court without a jury in suit of Herman Lieberman v. Har Nebo Cemetery Company, Inc. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover money paid on account of sale of real estate. Before CRANE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff in the sum of $222.40 and entered judgment thereon. Defendant appealed.

*Errors assigned* were the entry of judgment on the findings, and the refusal of the court to enter judgment for the defendant.

*James C. Sellers,* for appellant.

*J. Joseph Stratton,* for appellee.

OPINION BY KELLER, J., November 19, 1923:

The plaintiff agreed to buy from the defendant four cemetery lots, Nos. 139, 140, 159 and 160, for $1,000, and paid $200 on account, for which the defendant gave him its receipt, identifying the lots to be conveyed. Before the transaction was completed defendant's president, who signed the receipt on its behalf, notified plaintiff that said lots had been sold to another person prior to the sale thereof to him, and offered him lots Nos. 99, 100, 119 and 120, instead. Plaintiff, after inspecting these lots, orally agreed to the change. Some time thereafter, however, plaintiff was notified by defendant's president that these lots, also, had been sold, but that he could have the four lots originally bargained for. Plaintiff refused further dealings and demanded back the money he had paid on account, and, upon the defendant's refusal to pay, brought this action to recover it. The court below, sitting without a jury, found in plaintiff's favor, and rightly so, in our opinion. The original agreement was revoked by consent of both parties and a new subject-matter substituted. When, subsequently, it was found that the substituted lots could not be conveyed, and the second agreement of sale fell through in consequence, that did not revive the original agreement, merely because it was discovered that the defendant's officers had been mistaken as to the prior sale of the lots first contracted for. Unlike the case of Shamlian v. Waxman, 80 Pa. Superior Ct. 73, relied upon by appellant, the parties here consented to the annulment of the original agreement. We said in that case: "Had the plaintiffs accepted the offer of cancellation thus tendered [by defendants] they would have been entitled to a return of their deposit money." The same principle applies here.

The judgment is affirmed.