## Roberts Estate.

Argued January 4, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*James A. Moore,* with him *A. Sidney Johnson, Jr., John G. Bartol, Jr., James A. McGoldrick, Butler, Beatty, Greer & Johnson,* and *Pepper, Bodine, Frick, Scheetz & Hamilton,* for appellants.

*R. Winfield Baile,* with him *George W. Thompson,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, March 14, 1955:

These are correlated appeals from the final decree of the Orphans' Court of Delaware County upon adjudication of the first and final account of executors in the Estate of William J. Roberts, deceased.

The decedent died May 20, 1949, unmarried, without issue and leaving a substantial estate. For some time prior to his death he had resided in the home of Mrs. Ella N. Greenfield. He was the owner of a coal and building material business which for a number of years had been solely managed by his employe, William Hottenstein. By a will dated March 18, 1948, in addition to other pecuniary bequests he bequeathed $10,000 to Hottenstein and gave his residuary estate to Mrs. Greenfield. By another will dated May 11, 1948 the decedent, following some pecuniary bequests, provided: "SECOND. I give devise and bequeath unto WILLIAM HOTTENSTEIN, free and clear of Pennsylvania State Inheritance Tax and Federal Estate taxes, in appreciation of his many years of faithful services to me, my Coal and Building Materials business situate in Llanerch, Pennsylvania, including all of the real es-

tate upon which said business is conducted, all the stock, coal and merchandise on hand and all the equipment used in connection therewith and the Good Will thereof. This devise and bequest also includes all Accounts Receivable of said business, provided the said William Hottenstein shall assume and pay all bills payable pertaining thereto . . .", and then bequeathed and devised his residuary estate to Mrs. Greenfield, or in case she predeceased him, to Mrs. Greenfield's daughter, Mrs. Margaret Harrison.

Hottenstein appealed from the probate of the March will, alleging the existence of the May will. Before any hearing was held, an agreement in settlement of the incipient will contest was made and executed on July 18, 1949 by Robert W. Beatty and Mrs. Harrison (the executors under the March will), Mrs. Greenfield and Hottenstein, the basic subject matter of which was the decedent's business and real estate on which it was located that would have gone to Mrs. Greenfield under the March will but to Hottenstein under the May will. The estate was solvent and the residuary estate to which Mrs. Greenfield was entitled under either will was substantially in excess of the value of the business and appurtenant real estate.

Summarized, this agreement, entered into to avoid a will contest, provided that Hottenstein was to get decedent's business and accompanying real estate in return for which he renounced any claim that he had under the March will; he also agreed to pay certain inheritance and estate taxes and to pay for various items of equipment and supplies belonging to the business; and further agreed to the payment of stated monthly rentals for the use of the business property. The estate, with the help of Hottenstein, was to collect the accounts receivable and pay the accounts payable. The monies paid by Hottenstein for the assets immedi-

ately transferred to him, the rentals paid by him, and the money representing the difference between accounts receivable and accounts payable were to be held in escrow to be applied against taxes and fire insurance and then against Hottenstein's share of inheritance and estate taxes. Any excess in this fund over and above Hottenstein's tax liability for death taxes was to be returned to him upon completion of the estate administration. Pending final adjudication of the estate, a deed for the real estate was to be executed by the executors and Mrs. Greenfield and held in escrow for delivery to Hottenstein upon completion of the transaction.

Hottenstein remained in possession of the business and performed all of his obligations under the settlement agreement, but the other parties thereto failed to perform their obligations. In June of 1950 William K. Rhodes, Esquire, counsel for Hottenstein, wrote to Mr. Beatty, one of the executors, complaining of this failure of performance, more specifically the failure of the executors and Mrs. Greenfield to execute the deed which was to be delivered to him, and then redelivered to Mr. Beatty to be held in escrow; and stating that unless this deed was executed and delivered to Hottenstein on or before June 26, 1950, Hottenstein would pursue his attack upon the March will. The breach of the contract, which was apparently due to a calculated repudiation of the settlement by Mrs. Greenfield, was not remedied, and the will contest proceeded with the award of an issue d.v.n. In accord with the jury's finding, the court below directed the register of wills to admit the May will to probate. Mrs. Greenfield appealed to this Court which affirmed the court below. Thus the validity of the May will was upheld. The court below directed that the executors under the March will (present appellants in Appeal

No. 87) complete administration and distribution under the May will. Under the adjudication of their first and final account, in addition to the real estate upon which the decedent's business was located devised to him under the May will, the auditing judge awarded Hottenstein the surplus of the accounts receivable in the business over the accounts payable as of the time of decedent's death and all other sums paid by Hottenstein under the terms of the settlement agreement, totalling, after stipulated deductions, the sum of $18,-084.72. It is this award, confirmed in the final decree of the court en banc, which appellants challenge in this appeal.

It is appellants' contention that there was a rescission of the settlement agreement with no agreement or provision for the return of the monies paid by Hottenstein to the executors, and therefore Hottenstein is not entitled thereto. This contention is primarily based upon correspondence which passed between counsel for the respective parties, and in our opinion is without merit. In the letter sent to Mr. Beatty by Hottenstein's counsel, Mr. Rhodes, dated June 13, 1950, above referred to, there was a clear charge and complaint that Mrs. Greenfield and the executors had breached the settlement agreement, and that consequently Hottenstein would proceed with the will contest. Apparently after Mrs. Greenfield had decided to repudiate the agreement, she obtained new counsel who unjustifiably attempted to construe Mr. Rhodes' letter as an offer of rescission, by writing to Mr. Rhodes in reply on June 26, 1950 that ". . . I regard your letter as an offer to rescind the agreement of the parties dated July 18, 1949 and on behalf of Mrs. Harrison co-executrix, and Mrs. Ella N. Greenfield, as residuary legatees, your offer to rescind the aforesaid agreement is accepted.". Mr. Rhodes immediately replied by letter

dated June 30, 1950, stating "I have your letter of June 26th, 1950. I did not intend my letter of June 13th addressed to Robert W. Beatty, Esq. to be an offer to rescind the agreement of the parties dated July 18th, 1949. On the contrary, the course of action which I proposed to take was an attempt to enforce the agreement of July 18th, 1949. I might also say that inasmuch as Mr. Beatty was a party to that agreement rescission thereof would have to be consented to by him. My position therefore is there has been no rescission of the agreement and no offer on the part of my client to do so is pending.". There was other correspondence in which the term "rescission" was used loosely as opposed to its technical legal meaning unsuccessfully attempted to be imposed by Mrs. Greenfield's counsel. It is true that there may be a legal rescission of a contract by acts as well as by words but a careful review of the actions of the parties and the correspondence that passed between them leads only to a calculated repudiation and total breach of the contract by Mrs. Greenfield. One party to a contract cannot force rescission on the other parties thereto, and the mere failure to object to repudiation (here the repudiation was protested) is not a manifestation of assent: *Allardice v. McCain,* 375 Pa. 528, 101 A. 2d 385. Moreover a true rescission must be entered into by all parties to the contract. Here there is no evidence that executor Beatty, one of the parties to the agreement, joined in the alleged rescission. In the account filed by the executors they separately charge themselves with monies received by Hottenstein under the settlement agreement under the heading "Escrow Account".

Appellants argue that even if there were no rescission, Hottenstein under cases cited by them is not entitled to the monies in question. We have examined all of these cases and find them inapposite. All of

them dealt with simple contracts of sale and the law announced therein has no applicability to the involved and unusual factual situation here presented.

We conclude by quoting from the opinion of President Judge VAN RODEN, written on behalf of the court en banc, as follows: "There has been a final judicial determination of the fact that Hottenstein is entitled to all the benefits conferred upon him by the will of May 11, 1948. Accordingly, he is entitled to receive decedent's coal and building material business including all of the real estate upon which the business is conducted, all the stock, coal and merchandise on hand and all the equipment used in connection therewith, the Good Will thereof, and the difference between the accounts receivable and accounts payable. He is entitled to all the foregoing by reason of decedent's will and not by virtue of the settlement agreement of July 18, 1949. He is also entitled to receive same free and clear of Pennsylvania State Inheritance Tax and Federal Estate taxes, by virtue of the specific provision to such effect in decedent's will, notwithstanding the settlement agreement of July 18, 1949, provided that he was to pay such taxes. The inescapable fact is that the settlement agreement of July 18, 1949, was never fully performed. It is likewise an inescapable fact that Mrs. Greenfield first refused to complete the performance on her part called for by the settlement agreement. Although the respective briefs of counsel deal at length with the question of rescission, it is the opinion of this court that the legal conclusion of rescission even if properly reached would not be determinative of the controversy. Mrs. Greenfield deliberately chose to forego the advantages secured to her by the proposed settlement agreement of July 18, 1949, and preferred to take her chance on the probate appeal. Having taken that chance and lost, she now seeks to avoid the unfortu-

nate consequences of a bad mistake in judgment on her part. Instead of recognizing that Hottenstein is entitled to all the advantages conferred upon him by the will of May 11, 1948, Mrs. Greenfield simply hides her head in the sand and pretends that she is still entitled to retain money and property belonging to Hottenstein under the will but temporarily held by the executors pursuant to the proposed settlement agreement which she voluntarily breached. It would be the most flagrant kind of unjust enrichment to permit her to retain the benefits of the settlement agreement which she refused to carry out. Having lost the contest, she is not entitled to the fruits of victory.". We are in accord with the conclusion reached by the court en banc.

Decree affirmed, the costs of both appeals to be paid by appellant in Appeal No. 89.