## Skidmore v. Quell

*Walter A. Koegler*, for plaintiff.
*Miller & Miller*, for defendant.

BROWN, J., January 13, 1956.—This matter is before the court on defendants' motion for rule to show cause why the judgment on the pleadings should not be opened and defendants let into their defense.

Plaintiffs filed their complaint in assumpsit, alleging that they entered into a written agreement to buy certain real estate owned by defendants. A typewritten copy of the agreement of sale signed by all the parties and attached to the complaint is dated February 26, 1953, and states the sale price as $21,900 and provides

for payment of hand money by plaintiffs in the sum of $600, which plaintiffs paid. The agreement of sale further states that "should the buyer fail to make settlement, as herein provided, the sum or sums paid on account of the purchase price, at the option of the seller, may be retained by the seller, either on account of the purchase money, or as liquidated damages".

The complaint further alleged that no date was agreed upon by the parties to settle the transaction, but that plaintiffs and defendants were to agree upon a date after plaintiffs had sold a piece of property which they owned at the time the agreement of sale herein was executed; that defendants never tendered a deed to plaintiffs nor notified plaintiffs at any time of the place of settlement, but, on the contary, on July 8, 1953, defendants conveyed the premises to another party; that as a result of such action on the part of defendants, defendants could not comply with the terms of the agreement and that plaintiffs were entitled to the return of the $600 hand money.

Defendants filed an answer, attaching thereto a photostatic copy of the sales agreement, the only material difference in the photostatic copy being that the sale was to be consummated within 60 days from the date of the agreement, whereas in the typewritten copy of the sales agreement attached to the complaint the "60 days" does not appear.

Defendants' answer further stated that on April 15, 1953, which date was prior to the closing date as set forth in the photostatic copy of the agreement (Exhibit 2) of the answer, mutual releases were signed by all the parties, dated April 14, 1953, which read as follows:

"April 14, 1954

"We, the undersigned, having entered into a Sales Agreement dated February 26, 1953, for the property situate 2390 Almont Street, Pittsburgh, Allegheny

County, Pennsylvania, do hereby express our desires that said agreement be rendered null and void as of this date.

"We, George K. Quell and Mary E. Quell, do hereby release Richard M. Skidmore and Jane S. Skidmore from any and all obligations in the above stated Sales Agreement.

(s) George K. Quell

(s) Mary E. Quell

"We, Richard M. Skidmore and Jane S. Skidmore, do hereby release George F. Quell and Mary E. Quell from any and all obligations in the above stated Sales Agreement.

(s) Richard M. Skidmore

(s) Jane S. Skidmore"

The answer further denied that the sale by defendants to the third person denied defendants' title, and alleged that on or prior to April 15, 1953, plaintiffs orally and in writing indicated to defendants that they did not wish to consummate said contract, as a result of which plaintiffs breached the contract and forfeited their rights to the hand money; and that as a further result of said breach, defendants were compelled to sell the property for a sum less than the sales agreement between plaintiffs and defendants.

On April 20, 1954, plaintiffs filed motion for judgment on the pleadings, stating that defendants in their answer admit that they never tendered a deed nor notified plaintiffs of any time or place of settlement; that defendants admitted conveying the property to a third person; that defendants' Exhibit 2, the release above mentioned, released plaintiffs from all obligations under the agreement, and that, therefore, the $600 hand money should be returned.

This matter was argued before the court en banc, and Corbett, J., of this court for the court en banc, on May

23, 1955, by order of court, and without opinion, entered judgment in favor of plaintiffs and against defendants in the sum of $600, with interest from April 14, 1953, in the sum of $72.

Thereafter, on June 8, 1955, defendants petitioned for rule to show cause why the judgment should not be opened and defendants permitted to defend, the substance of the petition being that at the time of the execution and delivery of the releases no demand was made for the return of the hand money by plaintiffs; that said releases make no provision for the return of the hand money; that the consideration for the execution of said release by defendants was the retention of the said hand money.

On July 7, 1955, plaintiffs filed, in the nature of preliminary objections, a motion to strike defendants' petition and rule to show cause why the judgment should not be opened and defendants permitted to defend, the principal contention being that defendants' petition was not in conformity to the law or rules of court and is not the proper procedure on appeal from a judgment entered in an adversary proceeding. Judge Corbett again for the court en banc, on December 19, 1955, filed an opinion stating that after oral argument, the motion to strike defendants' rule to show cause was refused, with the direction to the parties to proceed on defendants' rule to show cause why the judgment should not be opened and defendants permitted to defend. Judge Corbett is no longer a member of this court, and the matter came before the court en banc on this latter ruling of Judge Corbett, to wit, should the judgment be opened and defendants permitted to defend?

In the brief filed by defendants, the primary contention is that the court was without power to enter judgment on the pleadings for the reason that the release

did not provide any agreement for the return of the $600 hand money; that, as a matter of fact, said release negatives the obligation to return the hand money on the part of defendants, and that the court could not extend the release beyond the words used therein. Defendants' brief has this very pertinent statement, which we believe is the heart of the very matter we are discussing:

"Here the Quells still had certain obligations under the contract and the Skidmores had certain obligations under the contract which might have admitted to considerable in each case. *They, therefore, agreed to release mutually.*" (Italics supplied.)

It is our opinion that defendants could not make a stronger case for the return of plaintiffs' $600 than by the statement that the parties "agreed to release mutually", for it is well settled in our law that a mutual release terminates the contract and restores the parties to status quo: Lieberman v. Har Nebo Cemetery Co., Inc., 82 Pa. Superior Ct. 178. Defendants would have us read this as "status quo plus", in that they, defendants, would be relieved of their obligation under the sales agreement but forfeiture would be declared on the part of plaintiffs. It must be pointed out that the $600 was to be retained by defendants only in the event the buyer failed to make settlement, as provided under the contract.

The discrepancy in the date of closing, in the typewritten copy of the sales agreement (plaintiffs' exhibit "A"), and the photostatic copy of the agreement in defendants' answer (exhibit "2") presents no difficulty and aids neither party, for this reason: The mutual releases were signed on April 14, 1953. Looking at the sales agreement from the point of view of defendants, the photostatic copy provides 60 days in which to close the transaction and looking at the matter from the standpoint of the complaint wherein plain-

tiffs claim the breach of defendants occurred July 8, 1953, when defendants conveyed the premises to other parties, the execution of the releases antedated both these alleged situations.

Defendants in their brief contend that under Codding v. Wood, 112 Pa. 371, where there must be a weighing of the evidence, the question is one which must be submitted to a jury. We point out this case also holds that the force and legal effect of a contract between the parties is a matter of law for the court.

This matter is before us on defendants' rule to show cause why the judgment should not be opened. One of the cardinal rules of law that defendants must comply with, in order to gain relief in this case, is that they must present a meritorious defense: Kazanjian v. Cohen, 175 Pa. Superior Ct. 195. Defendants' answer, incorporating as it does the mutual releases of all the parties, which rescinded the contract (Roberts Estate, 380 Pa. 600, 605), returned the parties to the position of status quo, and there is no question in our minds that the defense is not meritorious.

Finally, none of the parties have alleged fraud or mistake in the execution of the releases and, therefore, we feel that the releases are not only the best but the only evidence of their intention to be mutually relieved of the obligations arising under the agreement of sale (Gianni v. Russell & Co., Inc., 281 Pa. 320; Phillips Gas & Oil Co. v. Kline, 368 Pa. 516); that the releases are clear and unambiguous, and that there is no need for parol evidence to explain that the writings do not contain the full and exact agreement of the parties: Yezbak v. Croce, 370 Pa. 263; Albert v. Schenley Auto Sales, Inc. 375 Pa. 512.

Defendants call our attention to the fact that where judgment is sought on the pleadings, the averments of the answer must be taken as admitted: Lepore v. Italian Victory B. & L. Assn., 171 Pa. Superior Ct. 35.

However, in Wark & Co. v. Twelfth & Sansom Corp., 378 Pa. 578, 580, one of the cases where the above principle was enunciated, the court goes further to say that "while summary judgment should be entered only in clear cases, where an answer to a complaint in assumpsit presents no meritorious legal defense to the claim, judgment for the plaintiff should, on motion, be summarily entered in the interest of expediting justice", so that it appears that whether in a petition to open judgment, or on a motion for judgment on the pleadings by plaintiff, both propositions assert that defendant's answer must present a *meritorious legal defense* before he may prevail.

For the reasons set forth above, defendants' rule to show cause why the judgment should not be opened and defendants permitted to defend, is discharged.

*Order*

And now, to wit, January 13, 1956, for the reasons set forth in the foregoing opinion, defendants' rule to show cause why the judgment should not be opened and defendants permitted to defend, is discharged.