# Hare v. American General Life Insurance Company

*P. H. Fierro,* for plaintiff.

*John C. Youngman, Sr.,* for defendant.

GREEVY, P. J., September 20, 1967.—On November 2, 1964, Floyd N. Hare procured a policy of insurance on his son, Steven N. Hare, from the American General Life Insurance Company (hereinafter referred to as "company"), in the amount of $10,000. Steven Hare died June 27, 1966, and the company refused to pay the policy amount on the ground that Floyd Hare had made material fraudulent misrepresentations on the application to procure the policy.

The policy contained a two-year incontestable clause and on October 24, 1966, the company filed a summons in equity against Floyd N. Hare and Phyllis M. Hare, his wife, in the Court of Common Pleas of Lycoming County to November term, 1966, no. 1, in equity. On November 25, 1966, Floyd N. Hare (hereinafter referred to as Hare), instituted an action in assumpsit against the company in the Court of Common Pleas of Lycoming County to November term, 1966 no. 382. The company filed an answer and new matter and Hare filed an answer to the new matter. On March 14, 1967, the company filed its complaint in equity asking that the policy be rescinded and that Hare be enjoined from proceeding with the assumpsit action pending the final adjudication of the company's equity action. Hare, on April 4, 1967, filed preliminary objections asking that the complaint in equity be dismissed as the parties were "at issue in a matter involving the same issues" in the assumpsit action. The company, on April 11, 1967, filed preliminary objections in the assumpsit action and, in addition, moved to strike the plaintiff's answer to new matter as a direct violation

of Pennsylvania Rules of Civil Procedure 1017 (a) and 1024.

The question which must first be decided is, where "A" files a suit against "B" in equity and "B" thereafter files a suit in assumpsit against "A", which action should be heard, or should the two be consolidated for trial?

The main difference between the actions involves the absence or presence of a jury. If the assumpsit action is tried, there would be a jury trial. In the equity action, the chancellor could submit the issues to a jury but the jury's verdict would be advisory only and not binding upon the court.

Under Pa. R. C. P. 213 (a), the court may, on its own motion, when actions involving a common question of law or fact are pending before the court, order a joint hearing or trial, order the actions consolidated, or make such orders thereon as may avoid unnecessary costs or delay.

Are these two cases proper ones for consolidation?

"Under Rule 213 (a), an action of assumpsit and a suit in equity may be consolidated for trial where both proceedings involve claims arising out of the same general occurrence or transaction and the parties in both proceedings are the same": 5 Standard Pa. Prac. 185. See Dads' Bottling Co. v. King, 74 D. & C. 520.

These actions arose out of the same general occurrence.

Certain material facts are not in dispute, to wit, the company issued an insurance policy to Hare, and Hare made a claim which the company refuses to pay. The testimony in both cases would be the same. There are common questions of law and fact. The parties are the same. Although Phyllis M. Hare is a codefendant in the equity action, the real party is Floyd N. Hare, the owner of the policy. We hold that these are proper cases for consolidation and joint trial.

The next question is, should the action be heard on the equity side or the law side of the court?

Whenever an action is brought in equity which is cognizable at law, the court, instead of dismissing the action, shall certify the question to the law side of the court. See Pa. R. C. P. 1509 (c), and Sixsmith v. Martsolf, 413 Pa. 150.

The court in deciding this question sits half on the law side and half on the equity side, and we hold that the cases should be heard on the law side of the court, but, in order to prevent an injustice to the company, the company is entitled to present any proof that it may have as to fraud or misrepresentation made by Hare in procuring the policy.

The company also asks that Hare's "so-called Answer to New Matter" in the assumpsit action be stricken off as a direct violation of Pa. R. C. P. 1017 (a) and 1024.

Hare's verification sets forth "That the facts set forth in the foregoing Answer and New Matter are true and correct to the best of his knowledge, information and belief". The verification was appended to a pleading entitled "Plaintiff's Answer to Defendant's New Matter". It is obvious that Hare's pleading is a misnomer and should have been captioned "Reply" and that the affidavit should have referred only to a reply.

Hare has asked to amend, and we follow the admonition in Pa. R. C. P. 126:

"The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties".

The company, in its brief, admits that this objection is purely technical. "Courts should not be astute in enforcing technicalities to defeat apparently meri-

torious claims: [Citing cases]. The procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered; they are not to be exalted to the status of substantive objectives": General Mills, Inc. v. Snavely, 203 Pa. Superior Ct. 162, 167.

This is an amendable defect, and Hare will be permitted to file a new verification.

The company has set forth other reasons but in view of the court's determination, as above set forth, those objections are no longer apropros.

The court makes the following

ORDER

And now, September 20, 1967, it is ordered and directed:

1. That Floyd N. Hare's pleading captioned "Answer to New Matter" is hereby amended and shall be marked "Plaintiff's Reply to Defendant's New Matter";

2. That Floyd N. Hare be and hereby is given 10 days to amend the verification to his reply to new matter, and when the amendment is made the preliminary objections are dismissed without further order.

3. The action in assumpsit, Floyd N. Hare v. American General Life Insurance Company, November term, 1966, no. 382, in assumpsit, Court of Common Pleas of Lycoming County, and the action in equity, American General Life Insurance Company v. Floyd N. Hare and Phyllis M. Hare, to November term, 1966, no. 1, in the Court of Common Pleas of Lycoming County, in equity, shall be and are consolidated for trial and shall be jointly tried.

4. The trial shall be held on the law side of the court and the American General Life Insurance Company is and will be permitted to impose any affirmative defense which it has and which it could have asserted under the equity suit.