Bredt et al. *v.* Bredt, Appellant.

66

Argued June 18, 1974. Before WATKINS, P. J., JACOBS, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ. (HOFFMAN, J., absent).

 petition for reargument refused October 11, 1974.

*I. Raymond Kremer,* with him *Neil H. Stein,* and *Kremer, Krimsky & Luterman,* for appellant.

*Bruce W. Kauffman,* with him *David H. Pittinsky, Gary R. Leadbetter,* and *Dilworth, Paxson, Kalish, Levy & Coleman,* and *Joseph H. Weiss,* and *Weiss, Lesser & Greenburg,* for appellee.

OPINION BY JACOBS, J., September 23, 1974:

This case began as a simple civil action for support of a wife and two children, later reduced to one child. By agreement a temporary support order in the amount of $500 per week was entered against appellant husband. A hearing was set for March 21, 1973, to fix the order. On the date of the scheduled hearing, the parties came before the court, told it that an agreement had been finally reached, and proceeded to reiterate the details of the agreement to the court. Although minor problems arose regarding certain provisions in the agreement, they were straightened out by afternoon. At the conclusion of the hearing, the court asked the parties and their counsel whether they regarded it as their agreement now. They all replied in the affirmative. The same day, March 21, 1973, the lower court continued the initial temporary support order of $500 pending counsels' formal writing of the terms of the agreement recited before the court. However, disputes arose as to certain provisions, and the agreement was never formalized.

In November, 1973, the wife filed a complaint in equity against the husband requesting, *inter alia,* a decree specifically enforcing the agreement, enjoining the husband from proceeding with a suit for divorce which he had started in New Jersey, and declaring void certain transfers allegedly made by the husband. On January 17, 1974, the wife filed in the support proceeding a motion for enforcement of the support order and agreement and also for all the equitable relief requested in the equity action.

The matter proceeded to a hearing at which time the court on motion of the wife's counsel consolidated the non-support action and the equity action for a joint hearing. This was permissible under Pa. R. C. P. 213 (a), the cases involving the same parties and common questions of law and fact. *See Hare v. Am. Gen. Life*

*Ins. Co.,* 43 Pa. D. & C. 2d 126 (C.P. Lycoming 1967) and 5 Standard Pennsylvania Practice 184 (1958). Since the equity and support actions involved different issues they were consolidated only for the hearing. They retained their separate identities and the court below should have entered separate orders. *See Sisk v. Duffy,* 201 Pa. Superior Ct. 213, 192 A.2d 251 (1963). Separate orders were particularly important in this case because the appeal in the support action had to be taken to us while the appeal in the equity action had to be taken to the Supreme Court. The Appellate Court Jurisdiction Act of 1970, P. L. 673, No. 223, art. I, §§101 *et seq.,* 17 P.S. §§211.101 *et seq.* (Supp. 1974-75). However, the court on January 31, 1974, handed down one order in which it found that the husband and wife entered into a binding agreement on March 21, 1973, which the court had at that time approved and now entered as an order. The court did not spell out the terms of the agreement in this order but directed that the parties specifically perform the agreement and enjoined the husband from proceeding with his divorce action in New Jersey. The husband appeals from that order.

The lower court in its opinion filed April 18, 1974, recognized the separate nature of the two suits and stated that it had handed down a decree nisi in the equity case to which the husband has filed exceptions. The court below then treats the appeal as if it were from the support order only and in its opinion spells out the support order. We will treat the appeal as if it were from the support order only assuming that the husband's right of appeal is protected in the equity action. Should such right of appeal not be protected we will, upon petition by the husband, transfer the equity portion of this appeal to the Supreme Court.

The certiorari from this court was filed on March 8, 1974. Normally the court of first instance cannot proceed any further with the cause after the writ of cer-

tiorari has been served. *Commonwealth ex rel. Podvasnik v. Podvasnik,* 198 Pa. Superior Ct. 107, 181 A.2d 843 (1962). The lower court here handed down the details of its support order on April 18, 1974. However, no one has objected and since the order of January 31, 1974, directed that the agreement of the parties which had been placed on the record be entered as an order at that time, we will treat the order contained in the April 18th opinion as a clarification or formalization of the January 31st order.

The court's support order directed the husband to make the following payments:

1. The weekly sum of $400.00 for the support of his wife and minor daughter, Sandra. The sum is to be net of federal income taxes.

2. Camp tuition for Sandra not to exceed $1500.00 per summer.

3. All real estate taxes on premises 7937 Oak Hill Drive, Cheltenham, Pennsylvania.

4. All costs of Blue Cross and Blue Shield, together with all medical and surgical bills, and all costs of medicine.

5. All premiums on life insurance policies currently outstanding on the life of the husband and payable to his wife.

6. All college tuition payments and accompanying costs for Sandra.

The husband objects that there was no hearing. However, there was a hearing at which the wife testified. Furthermore no hearing was required where the parties entered into an agreement in open court as they did here. Contracts between husband and wife, if fairly made, are generally considered binding as to them. *Commonwealth ex rel. Snively v. Snively,* 206 Pa. Superior Ct. 278, 212 A.2d 905 (1965). It is only in the case of support for the wife and child that the agreement is insufficient to oust the jurisdiction of the sup-

port court. *Id.* If the wife and child are satisfied with the agreement and the court finds it fair, as it did here, the husband is bound by his agreement.

The most important issue is the binding effect of the agreement made in open court on March 21, 1973. The husband contends that it was not intended to operate as a binding agreement until it was formalized. A brief review of the record supports the lower court's finding that the parties had in fact made a binding agreement on that date. At the start of the proceeding, the husband's counsel announced to the court, "I believe that we finally have been able to reach an agreement in connection with this matter, and we would like to put this agreement on the record, and we will proceed to finalize it." After a dispute as to one of the provisions proposed by the husband's counsel, the wife's counsel stated: "I have explained that to her, and we have decided to accept that provision, so that the agreement can be regarded as concluded, your honor." Towards the end of the proceeding, the court below congratulated counsel for the "fair agreement on both parties" and the wife's attorney referred to "the agreement we have entered into . . . ." At the conclusion of the hearing the husband's counsel stated: "Well, the agreement itself will have to be formalized, since *I regard it as an agreement now.*" [Emphasis added.] The court responded: "Mr. Weiss [the husband's counsel], Mr. Flick [the husband's other counsel], and, of course, Mr. Bredt [the husband], you all agree to that?" The husband's counsel answered: "We agree, your honor."

In reviewing the lower court's finding that an agreement was entered into by the parties, "[t]he test is not whether we, the appellate court, would have reached the same result had we been acting as the hearing judge who saw and heard the witness, 'but rather whether a judicial mind, on due consideration of the evidence, as a whole, could reasonably have reached the conclusion

of the chancellor?' " *Field v. Golden Triangle Broadcasting, Inc.,* 451 Pa. 410, 415, 305 A.2d 689, 692 (1973), *cert. denied,* 414 U.S. 1158 (1974), *quoting Yuhas v. Schmidt,* 434 Pa. 447, 454, 258 A.2d 616, 619-20 (1969). The fact that the parties intended to formalize their agreement at some later date or omitted some material terms and conditions therefrom is not controlling as long as the parties agreed to all the essential terms and intended the contract to be binding upon them. *Field v. Golden Triangle Broadcasting, Inc.,* supra; *In re ABC-Federal Oil & Burner Co.,* 290 F.2d 886 (3d Cir. 1961).

It should be made clear that all we are considering here is the support order spelled out in the lower court's opinion. We are satisfied that the terms of that order were agreed to by the parties and it is affirmed. It is directed that the record remain in this Court for a period of thirty days to give appellant husband an opportunity to request that we transfer it to the Supreme Court for consideration of the equity portion of the order of January 31, 1974. If no such request is made within 30 days it shall be returned to the lower court.

HOFFMAN, J., did not participate in the consideration or decision of this case.