499 A.2d 1074

Ned E. JOHNSTON, Donald Johnston, Lloyd T. Johnston,
Dennis D. Johnston and Patricia Kostura, Appellees,

v.

John A. JOHNSTON and Stephen H. Johnston, Appellants.

Superior Court of Pennsylvania.

Argued April 9, 1985.

Filed Oct. 18, 1985.

Timothy E. Durant, Clearfield, for appellants.

Richard A. Bell, Clearfield, for appellees.

Before WIEAND, CIRILLO and JOHNSON, JJ.

WIEAND, Judge:

Clair Johnston, by deed executed in 1968, conveyed his farm to his sons, John A. Johnston and Stephen H. Johnston. After Clair Johnston died in 1975, his remaining children [1] commenced an action in equity to impose a constructive trust on the farm for the benefit of all the children

---

1. The remaining children are Ned E. Johnston, Donald Johnston, Lloyd T. Johnston, Dennis D. Johnston, and Patricia Kostura.

of Clair Johnston. The litigation proceeded to trial after two years of unsuccessful settlement negotiations. During trial, the parties finally reached agreement. The agreement was recited in open court, following which the trial court entered the following order:

> NOW, September 23rd, 1981, the Court hereby accepts the agreement entered into, fully recognizing that it is presented to the Court in rough form but that the contents of the said agreement will be the basis upon which the trust agreement shall be formally prepared and signed by each of the parties and their individual spouses. Further, upon the completion of the said trust agreement, the same shall be filed in the Recorder's Office of Clearfield County, and the Prothonotary of the County is hereby directed that upon payment of all costs and the recordation of the said trust agreement, he shall mark the records in this case settled and discontinued.

After counsel for the children had reduced the agreement to writing, John and Stephen Johnston refused to sign it. The five children then filed a petition asking that their recalcitrant brothers be held in contempt for refusing to comply with the court's order of September 23, 1981. After hearing, the court entered an order on November 30, 1983 which was in the nature of a mandatory injunction directing

> ". . . that Defendants execute said trust agreement within 15 days of this date; failing which the defendants shall be held in contempt of Court, and such action taken by the Court as proper."

This appeal followed.

Appellants argue (1) that a final agreement was not reached during trial; (2) that if an agreement were reached, it was subsequently rescinded; (3) that the attorney who represented them at trial should not have been allowed to testify against them at the subsequent hearing; and (4) that it was error to order them to sign the document prepared by counsel for appellees because its terms varied from those

placed on the record at the time of trial. Only the last contention has merit.

■■■ If parties agree upon essential terms and intend them to be binding, "a contract is formed even though they intend to adopt a formal document with additional terms at a later date." *Courier Times, Inc. v. United Feature Syndicate, Inc.,* 300 Pa.Super. 40, 54, 445 A.2d 1288, 1295 (1982). Accord: *Field v. Golden Triangle Broadcasting, Inc.,* 451 Pa. 410, 305 A.2d 689 (1973), *cert. denied,* 414 U.S. 1158, 94 S.Ct. 916, 39 L.Ed.2d 110 (1974); *Bredt v. Bredt,* 231 Pa.Super. 65, 326 A.2d 446 (1974). See: Restatement of Contracts (Second) § 27 (1979). The intent of the parties is a question of fact which must be determined by the fact-finder. *Yellow Run Coal Co. v. Alma-Elly-Yv Mines, Ltd.,* 285 Pa.Super. 84, 87, 426 A.2d 1152, 1154 (1981); *Luria v. Robbins,* 223 Pa.Super. 456, 460, 302 A.2d 361, 363 (1973). A reviewing court must defer to the findings of the trier of the facts if they are supported by the evidence. *Yellow Run Coal Co. v. Alma-Elly-Yv Mines, Ltd., supra,* 285 Pa.Super. at 90, 426 A.2d at 1155; *Bredt v. Bredt, supra,* 231 Pa.Super. at 70, 326 A.2d at 449.

■■■ The record supports the trial court's finding in this case that the parties intended to be bound by the terms recited for the record during the hearing of September 23, 1981. After appellees' counsel reported to the trial court that the parties had reached an agreement, the terms of the agreement, including an allocation of court costs, were placed on the record. The court then asked counsel and each party individually if the recitation of terms conformed to his or her understanding of the agreement; and all replied in the affirmative. The court explained to the parties that the order was final and that there was nothing further except that the agreement was to be reduced to writing, signed by the parties, and filed with the court. This record refutes appellants' argument that their only

agreement was to negotiate further. See: *Bredt v. Bredt,* *supra.* The fact that the parties had already negotiated for two years, moreover, suggests the unlikelihood that appellees would have agreed to terminate their action for something less than a binding agreement. Because the agreement was made in open court, the statute of frauds will not prevent its enforcement. See: *Aetna Electroplating Co. v. Jenkins,* 335 Pa.Super. 283, 285, 484 A.2d 134, 136 (1984).

▬ The record does not support appellants' contention that the contract was rescinded. Although a rescision need not be expressed in words but may be inferred from the parties' acts and declarations, there must be a mutual agreement of the parties to rescind. *Roberts Estate,* 380 Pa. 600, 605, 112 A.2d 394, 396 (1955); *Kirk v. Brentwood Manor Homes, Inc.,* 191 Pa.Super. 488, 492, 159 A.2d 48, 51 (1960). Whether or not the parties have so agreed is an issue for the factfinder. *Kirk v. Brentwood Manor Homes, Inc., supra.* The record in the instant case discloses that the parties conducted negotiations subsequent to the in-court agreement during which appellees offered to change some terms in order to obtain the recalcitrant appellants' signature upon an agreement. Appellees' efforts were unsuccessful, however, and there is no evidence that appellees ever agreed to discharge appellants' duty to perform the basic agreement. See: Restatement of Contracts (Second) § 284 (1979). The trial court described this endeavor as "unsuccessful negotiations" and found that the contract continued in effect. The record supports that finding; and, therefore, it will not be disturbed on appeal.

▬ Appellants were represented during the September 23, 1981 hearing by Thomas F. Morgan, Esquire, who was dismissed in favor of new counsel after the in-court settlement. At the subsequent hearing, Morgan was called as a witness by appellees to confirm and explain the statements made in open court and the negotiations preceding the

same. There was nothing in his testimony which was privileged. Only confidential communications between an attorney and client are privileged. The privilege does not extend to communications made by an attorney to a third party or to the court. See: *Richter v. Goldberg*, 78 Pa.Super. 309 (1922).

■■■ Appellants are correct, however, when they assert that the written agreement presented to them for their signatures contained provisions that were at variance with the agreement reached in open court.[2]  Indeed, appellees do not appear to contest that differences exist. They argue, however, that the essence of the agreement was that appellants would hold the farm in trust and that this was not varied by the drafted agreement. The only differences, they suggest, are immaterial. These differences, they argue, are "trivial and unreasonable." We disagree. The trial court could enforce under penalty of contempt only the agreement reached in open court; it could not properly require appellants to sign a different agreement.

The trial court has not held appellants in contempt; it has directed that they sign an agreement. We express no opinion regarding the alleged contumaciousness of appellants' conduct or the remedy available to appellees if appellants continue their refusal to conclude the settlement to which they agreed in open court. We hold only that the trial court cannot compel appellants, as a part of their settlement, to sign a written contract which is not in all respects consistent with the agreement reached during trial and placed upon the record by the parties and their attorneys.

Reversed and remanded for further proceedings. Jurisdiction is not retained.

**2.** The differences pertain to (1) the method of appraising the real estate, and (2) the date for an accounting of the trust res. Although appellants have alleged additional differences, our own examination has not disclosed any additional differences.