517 A.2d 1337

**Robert T. COSNER, William Kneupp and Hazel Kneupp, husband and wife; Harold Bower and Bonnie Bower, husband and wife, Melvin Fulkerson and Prearat Fulkerson, husband and wife, and Gerald Gearinger and Gladys Gearinger, husband and wife**

v.

**UNITED PENN BANK, Appellant.**

Superior Court of Pennsylvania.

Argued June 25, 1986.

Filed Nov. 21, 1986.

Arthur L. Piccone, Wilkes-Barre, for appellant.

Jack C. Younkin, Shamokin, for appellees.

Before CAVANAUGH, HOFFMAN and ROBERTS, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of the lower court permanently enjoining appellant from failing to maintain the water and septic system that services appellees' homes. Appellant contends that the lower court erred in permanently enjoining them from failing to maintain appellees' water well and septic system because appellees did not meet their burden of proving all of the elements of equitable estoppel. We hold that the court below properly entered the injunction and, accordingly, affirm.

Appellees are or were owners of homes in Hillside Village, which was developed by David Fahringer. Fahringer obtained loans for the development of Hillside Village from appellant, United Penn Bank. When this action was commenced, five of the seven homes in the development were occupied. The homes are serviced by a common septic system and water well. On July 7, 1977, appellant acquired title to Hillside Village from Fahringer in lieu of foreclosure on his mortgage. Appellant continued to maintain the septic system and water well.

In 1979, the Pennsylvania Department of Environmental Resources (DER) informed appellant that the septic system was malfunctioning. After receiving this letter from the DER, appellant redesigned and constructed at its own expense, a sewage system that was supposed to accommodate seven homes. Appellant continued to maintain the new system at its own expense. On February 23, 1982, how-

ever, appellant advised appellees by letter that, "United Penn Bank will no longer operate or maintain the septic tank or water well after March 31, 1982. In addition, you will no longer be able to use the septic tank or water well after that date." Brief and Reproduced Record for Appellant at 12a. Appellant further offered to convey to appellees the parcels of land on which the septic tank and water well are located. Appellees filed a complaint seeking a preliminary injunction to prevent appellant from failing to maintain the water and septic systems, which was granted pending a hearing. Following a nonjury trial, the lower court issued an order making the injunction permanent. The order was reduced to judgment, and this appeal followed.

Appellant contends that appellees did not prove all of the elements of equitable estoppel. "Equitable estoppel arises when a party by acts or representations intentionally or through culpable negligence, induces another to believe that certain facts exist and the other justifiably relies and acts upon such belief, so that the latter will be prejudiced if the former is permitted to deny the existence of such facts." *Straup v. Times Herald,* 283 Pa.Superior Ct. 58, 71, 423 A.2d 713, 720 (1980) *allocatur denied.* Under this doctrine, a court may enforce an informal promise when injustice can be prevented only by such enforcement. *Funds for Business Growth, Inc. v. Maraldo,* 443 Pa. 281, 288, 278 A.2d 922, 926 (1971). "[E]quitable estoppel is a doctrine of fundamental fairness intended to preclude a party from depriving another of a reasonable expectation when the party inducing the expectation knew or should have known that the other would rely to his detriment upon that conduct." *Straup v. Times Herald, supra.* The doctrine protects the reasonable expectations of one who relies on another's course of conduct and insures fair dealing. *Id.* Thus, the essential elements of equitable estoppel are inducement and justifiable reliance on that inducement. The inducement may be by words or by conduct and the reliance must be exhibited by a change in condition either by act or

forbearance that causes a disadvantage to the one induced. *Novelty Knitting Mills, Inc. v. Siskind,* 500 Pa. 432, 436, 457 A.2d 502, 503–04 (1983). The party asserting estoppel has the burden of proving the elements by clear, precise, and unequivocal evidence. *Blofsen v. Cutaiar,* 460 Pa. 411, 417, 333 A.2d 841, 844 (1975).

Appellant first argues that appellees have not demonstrated that it induced them to expect the provision of water and sewage disposal. In support of its argument appellant asserts that the lower court erred in finding that the developer, David Fahringer, agreed to provide these services because the only evidence of this agreement was inadmissible hearsay testimony. In addition, appellant asserts that even if there had been such an agreement, Fahringer's promise is not binding on it. We disagree. "Declarations of a prior owner *against his interest* made while holding legal title to the property are admissible in evidence against him and *against* those claiming under him." *Kovach v. General Telephone Co.,* 340 Pa.Superior Ct. 144, 149–50, 489 A.2d 883, 886 (1985) (quoting *Brown v. McConnell,* 173 Pa.Superior Ct. 94, 98, 93 A.2d 896, 898 (1953)). *See also Donegal Township School District v. Crosby,* 171 Pa.Superior Ct. 372, 375, 90 A.2d 341, 342 (1952) (declarations by prior owner, whether dead or alive, against his interest made while holding legal title to property admissible against owner and those claiming under him or her).

Here, one of the appellees, Robert Cosner, testified at trial that before he bought his house, Fahringer told him that he (Fahringer) would take care of water and sewage disposal for the development until seven homes were occupied. N.T. April 13, 1983 at 15–16. Additionally, Gerald Gearinger, another appellee, testified that he also spoke to Fahringer prior to purchasing his home and that Fahringer told him the same thing. *Id.* at 29. Fahringer's statements to Cosner and Gearinger were made while he was holding legal title to the land. Moreover, the statements were against his pecuniary interest in that he agreed to pay all of the costs of maintaining the water well and the septic tank.

Thus, the trial court properly admitted this testimony as an exception to the hearsay rule.

Appellant also argues that Fahringer's promise to appellees was not binding on it and, thus, appellees did not prove the first element of equitable estoppel. We hold that not only was Fahringer's promise binding on appellant, but appellant obliged itself to provide the services independent of Fahringer's promise. Here, appellees have shown that appellant was aware of Fahringer's promise and led them to believe that it would continue to provide water and sewage disposal services until at least seven homes in the development were occupied, as Fahringer had promised. First, Harold Bower, an appellee and former owner of a house in the development, testified that appellant's agent told him prior to his purchase of his house that the bank would take care of water and sewage disposal. In addition, appellant in fact provided these services at no cost to appellees for five years after it acquired title to the development. There was testimony at trial that appellant spent approximately thirty thousand dollars on maintaining and repairing the water and septic systems over the course of those five years. Moreover, because appellees' homes are serviced by a common system, originally designed to accomodate seven homes, we can only assume that Fahringer, and then appellant, intended to maintain the system at least until all of the homes were occupied. Otherwise, each family would be required to pay more than its one-seventh share of the cost of maintaining the system. Thus, we are convinced that appellant induced appellees to believe that it would provide these services.

Appellant also argues that appellees have failed to prove the second element of equitable estoppel: that they relied on this inducement to their prejudice. This argument is meritless. Appellees Cosner, Gearinger, and Bower testified that prior to purchasing their homes, they were told that these services would be provided. N.T. April 13, 1983 at 15–16, 29, 41. Appellees the Kneupps and the Fulkersons bought their homes after the bank had taken title to

the development. Although neither testified that they were expressly told that these services would be provided, they were never charged for using the well and the septic tank and were permitted to use these services from the time they purchased their homes. It is apparent, even without testimony, that the provision of sewage disposal and water was a factor in appellees' decisions to purchase their homes. As the lower court noted in its opinion, habitability is dependent on proper water and sewage disposal facilities. Lower Court Opinion at 5. Appellees were not told prior to purchasing their homes that they could or would be responsible for maintaining the sewage treatment and water facilities. Moreover, appellees do not have individual wells, septic tanks, or hook-ups to a municipal system. Thus, when they decided to purchase their homes, the only source of these services was through the developer and then appellant. We cannot believe that appellees would have bought these homes without access to these essential services. Now that appellees have bought their homes, we can prevent an injustice only by enforcing appellant's promise. *See Funds for Business Growth, Inc. v. Maraldo, supra.* Without access to these services, or burdened with the obligation to repair and maintain the system, appellees would have great difficulty selling their homes. While it is unfortunate that appellant has spent a large sum of money on a system that continues to malfunction, we conclude that appellees did rely on appellant's representation to their detriment and appellant has an obligation to maintain and repair the system.

Appellant also contends that the lower court erred in granting a permanent injunction because appellees have not shown that they would suffer irreparable harm if the injunction had not been granted. We disagree. Before a mandatory injunction will issue, a petitioner must show that irreparable harm will occur if the injunction is not granted. *Robinson v. Philadelphia,* 400 Pa. 80, 89, 161 A.2d 1, 6 (1960); *Commonwealth, State Ethics Commission v. Landauer,* 91 Pa.Commonwealth Ct. 70, 76, 496 A.2d 862, 865

(1985). An injury is deemed irreparable if it cannot be adequately compensated by an award of damages. *Luckenbach S.S. Co. v. Norton*, 21 F.Supp. 707, 709 (E.D.Pa. 1937).

■ Here, appellees demonstrated that irreparable harm would result if an injunction did not issue. Appellant wrote appellees a letter stating that appellees could no longer use the septic tank or water well that services their homes. Moreover, their properties will not accommodate individual septic tanks. Appellees homes would become uninhabitable without the use of the water well and septic tank. This is a harm that cannot be compensated with monetary damages. Appellant also argues that it offered to deed to appellees the septic tank and water well and that, therefore, appellees have not shown that they will be irreparably harmed. We have already concluded that appellant obliged itself to maintain the facilities at least until seven homes are occupied. Appellant cannot now argue that appellees' harm is not irreparable because they can provide for themselves what appellant is obligated to provide and we will not require appellees to pay for services for which they bargained. Thus, the permanent injunction was properly entered.

■ Appellant also contends that the court below erred in granting a permanent injunction without ruling on its petition to dismiss appellees Harold and Bonnie Bower from this action. The Bowers bought their home from appellant in 1978. At trial, Harold Bower testified that prior to purchasing his home one of appellant's representatives told him that appellant would maintain the water and sewage disposal facilities at its own cost. N.T. April 13, 1983 at 41. On December 30, 1983, the Bowers defaulted on their loan from appellant and conveyed to it the deed to their property in lieu of foreclosure. Pursuant to this agreement, appellant filed a petition to dismiss the Bowers as parties to the instant lawsuit. Appellant now argues that it was prejudiced by the lower court's failure to rule on this petition because, if dismissed from the action, appellees could not

rely on Mr. Bower's testimony to prove their right to a permanent injunction. This contention is meritless.

Mr. Bower's testimony was cumulative to the evidence presented to prove appellant's obligation to provide water and sewage treatment facilities for appellees. In addition, whether or not a party to the suit, Mr. Bower's testimony would be admissible as evidence tending to prove this obligation. Accordingly, appellant was not prejudiced by the lower court's failure to rule on its petition.

Appellant last contends that the lower court abused its discretion in granting appellees' motion to amend their complaint and in denying its motion to amend its answer. This contention is also meritless. A party may amend its pleadings at any time either by consent of the adverse party, or by leave of court. Pa.R.Civ.P. 1033. It is within the sound discretion of the trial court to permit or deny such amendment. *Gallo v. Yamaha Motor Corp., U.S.A.*, 335 Pa.Superior Ct. 311, 313, 484 A.2d 148, 150 (1984). Amendments to the pleadings are liberally allowed to secure a determination of cases on their merits. *Id.* Here, the court allowed appellees to amend their complaint to conform to the proof at trial. This was within the trial court's discretion and we will not disturb that decision on appeal. Appellant has waived the second part of its argument, that the trial court erred in denying its motion to amend its answer, as it has not included it in the argument section of its brief to this Court. *See Commonwealth v. Balch*, 328 Pa.Superior Ct. 71, 76, 476 A.2d 458, 461 (1984) (issue deemed waived when no argument in support contained in brief).[1]

For the above-stated reasons we affirm the judgment of the court below.

Affirmed.

1. Appellant also contends that the trial court erred in concluding that appellant breached the implied warranty of habitability. The trial court granted the injunction on the basis of equitable estoppel; the court did not hold that there was a breach of warranty. *See* Lower Court Opinion at 5.