594 A.2d 362

**CHER–ROB, INC., t/a Wertheimer Monuments**

v.

**ART MONUMENT CO., and B. Reibstein Monument Co. a/k/a B. Reibstein Memorials, Appellants.**

Superior Court of Pennsylvania.

Argued June 13, 1991.

Filed July 17, 1991.

Barry M. Rothman, Philadelphia, for appellants.

Linda s. Rosenblatt, Philadelphia, for appellee.

Before MONTEMURO, BECK and CERCONE, JJ.

MONTEMURO, Judge:

Defendants-appellants, Art Monument Company and B. Reibstein Monument Co., appeal from an order awarding plaintiff-appellee, Cher–Rob, Inc. t/a Wertheimer Monuments, counsel fees and costs. We reverse.

Plaintiff and defendants are engaged in the business of providing cemetery monuments and memorials. Plaintiff brought this action in equity, alleging that defendants unlawfully distributed advertising brochures containing photographs of gravesite monuments. Some of the monuments depicted in the advertisements were produced and manufactured by plaintiff. Following a hearing, the parties entered

into a consent decree placed in the form of a court order enjoining defendants "from publishing and distributing, or causing to be published and distributed any form of advertisement in which pictures of monuments produced and manufactured by Plaintiff are illustrated." Order, November 19, 1990. The order also prohibited the defendants from publishing any advertisement containing the name of Wertheimer Monuments in any language, particularly Hebrew or Yiddish.

 After briefing of the issue by the parties, the trial court awarded counsel fees to the plaintiff in the amount of $1,000.00 and costs in the amount of $150.00. Defendants brought this timely appeal.

> The general rule is that the parties to litigation are responsible for their own counsel fees and costs unless otherwise provided by statutory authority, agreement of parties, or some other recognized exception. *Chatham Communications, Inc. v. General Press Corp.*, 463 Pa. 292, 300–301, 344 A.2d 837, 842 (1975); *Shapiro v. Magaziner*, 418 Pa. 278, 280, 210 A.2d 890, 892 (1965).

*Mantell v. Mantell*, 384 Pa.Super. 475, 488, 559 A.2d 535, 542 (1989). The trial court found authority for its award of counsel fees and costs in 42 Pa.C.S.A. § 2503, as interpreted in the case of *Brenckle v. Arblaster*, 320 Pa.Super. 87, 466 A.2d 1075 (1983). The relevant provisions of § 2503 provide:

> The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
>
> \* \* \* \* \* \*
>
> (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct *during the pendency of a matter.*
>
> \* \* \* \* \* \*
>
> (9) Any participant who is awarded counsel fees because the conduct of another party *in commencing the*

*matter or otherwise* was arbitrary, vexatious or in bad faith ...

42 Pa.C.S.A. §§ 2503(7); 2503(9) (emphasis added).

Both § 2503(7) and § 2503(9) have been interpreted to apply to conduct of a party in commencing a proceeding or conduct during the pendency of an action. In *McGarry v. Broadmoor Custom Homes, Inc.*, 387 Pa.Super. 43, 563 A.2d 934 (1989), this Court held that given the plain language of the statute, § 2503(7) applied only to dilatory acts occurring after the lawsuit is instituted, and therefore vacated the award of counsel fees which was premised on the defendants pre-litigation failure to respond to a request to arbitrate. *See also White v. Redevelopment Authority*, 69 Pa.Cmwlth. 307, 451 A.2d 17 (1982).

Our review of judicial interpretation of § 2503(9) also reveals that this statutory exception to the general rule applies to bad faith conduct related to the institution of the suit or occurring after the commencement of the suit. In *Brenckle v. Arblaster, supra*, this Court upheld an award of counsel fees where the appellants had delayed the resolution of the case by refusing to sign important documents at the last minute, asserting frivolous justifications for their behavior, and defying a court order to sign a deed. The Court held that the conduct of the appellants supported the trial court's finding of "bad faith obstruction of a series of court orders," and therefore justified the award of counsel fees. *Brenckle, supra*, 320 Pa.Superior Ct. at 95, 466 A.2d at 1079. Thus, the bad faith conduct occurred during the pendency of the litigation. In *In re Estate of Roos*, 305 Pa.Super. 86, 451 A.2d 255 (1982), the Court upheld an award of counsel fees in favor of a defendant where the plaintiff had brought an appeal from probate, alleging wrongdoings and improprieties on the part of the defendant in his role as the scrivener of the will of plaintiff's mother. Plaintiff later dropped defendant from her appeal. Upon proof that plaintiff's conduct was arbitrary and vexatious in commencing the lawsuit, the trial court awarded counsel fees to defendant; this award was upheld on appeal. *Id.,*

305 Pa.Superior Ct. at 94, 451 A.2d at 259. *See also Martin v. Martin*, 386 Pa.Super. 328, 562 A.2d 1389 (1989), *allocatur den'd*. 524 Pa. 629, 574 A.2d 70(1990) (trial court has power pursuant to § 2503(9) to award counsel fees where frequent custody modification petitions are filed in bad faith to harass and annoy); *Santilo v. Robinson*, 383 Pa.Super. 604, 557 A.2d 416 (1989) (trial court did not err in denying claim for counsel fees pursuant to § 2503(9) where plaintiff dropped defendant from lawsuit after discovery, and record did not show that plaintiff acted in an arbitrary or vexatious manner or in bad faith in commencing the suit); *Jackson v. Modern Mailers, Inc.*, 371 Pa.Super. 178, 537 A.2d 878 (1988) (court awarded counsel fees incurred on appeal where legal issue presented on appeal was well-settled and therefore appeal was frivolous). The common thread in all of these cases is that counsel fees are recoverable for conduct occurring after the litigation has begun. In *White, supra,* the Commonwealth Court interpreted the language of § 2503(9) which reads "conduct of another party in *commencing the matter or otherwise* " to refer to the initiation of an action or a party's conduct in raising defenses. 69 Pa.Cmwlth. at 314, 451 A.2d at 20. We find that this interpretation is reasonable, as the statute sets forth an exception to the common law rule and therefore is intended to be interpreted narrowly.

█ In support of its award of counsel fees in this case, the court stated that defendants

1. Misappropriated the trademark and property of the plaintiff.

2. Failed to desist from same when requested to do so by the plaintiff.

3. Fraudulently misused the work product of the plaintiff, claiming it as their own.

4. Acted in bad faith regarding its use of plaintiff's work product.

Trial Court Opinion, January 15, 1991 at 1–2. The court further noted that the acts of defendants "import insult, bad faith, and outrage and appear to have been committed

in contempt of plaintiff's rights." *Id.* at 2. In essence, the award of counsel fees rested on the fact that the plaintiffs proved their case on the merits at the hearing. Importantly, the defendants did nothing during the pendency of the action to delay its ultimate resolution or to obstruct justice. In fact, the record reveals that the complaint was filed on October 22, 1990, a temporary restraining order was granted on that same date, and a hearing was held three days later on October 25, 1990, during which the parties reached a settlement agreement, leaving open the question of counsel fees. On November 28, 1990, the court entered its order of November 21, 1990 awarding counsel fees to plaintiff. Thus, the case was resolved in roughly a month. The fact that plaintiffs succeeded in the case does not warrant an award of counsel fees. We find that the trial court erred in holding that counsel fees were warranted under § 2503.

There is no statutory or contractual basis to support the trial court's award of counsel fees; nor does this case fall within any other exception to the general rule that attorney's fees are not recoverable. We therefore conclude that the trial court abused its discretion in granting the award of counsel fees and costs. We reverse the order of the trial court and vacate the award of counsel fees.

Reversed and vacated.