689 A.2d 275

**Pamela Sue Obrant BONDS, Appellee,**

**v.**

**Robert BONDS, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 18, 1996.

Filed Jan. 30, 1997.

612

Barbara Schneider, West Chester, for appellant.

William D. Glycenfer, Conshohocken, for appellee.

Before DEL SOLE, BECK and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the trial court order dated November 27, 1995, enforcing the parties' property settlement agreement and ordering husband to pay wife's counsel fees. Herein, husband contends the following: (1) The trial court erred in preventing effective cross-examination of wife's sole witness where it would not permit husband to examine Attorney Frank Baer's legal file; (2) The trial court erred in finding that wife did not waive her attorney-client privilege with regard to communications made to Attorney Baer; (3) The trial court erred in concluding that wife's action was not

barred by the doctrine of laches or equitable estoppel; (4) The trial court erred in finding the parties' May 5, 1993, property settlement agreement enforceable, and then enforcing only some of the provisions contained therein; and, (5) The trial court erred in ordering him to pay wife's counsel fees. We affirm.

The relevant facts and procedural history are as follows: Husband and wife were married on June 3, 1984. During their marriage, two children were born: Maxwell, on August 19, 1985, and Madalyn, on June 10, 1988. On February 9, 1990, wife filed a complaint in divorce against husband. Husband then filed a motion for appointment of a special master. In response, a special master was appointed on July 28, 1992.

On May 5, 1993, the parties appeared before the special master. After negotiating for a rather lengthy period of time, the parties entered into an agreement disposing of all outstanding ancillary economic claims. This agreement was read into the record on May 5, 1993, thereby becoming a part of the transcript of the proceedings before the special master. The parties then indicated on the record that it was their intention to have the agreement reduced to writing and submitted to the trial court. This was never accomplished.

On September 26, 1995, wife filed a petition for special relief seeking enforcement of some of the terms of the May 5, 1993, agreement, including those pertaining to child support, an accounting of child support payments, health insurance and compensation for renovations made to the marital home's basement. A hearing was held on October 30, 1995, during which husband alleged that the parties rescinded the May 5, 1993, agreement and replaced it with an agreement reached by the parties in October, 1994. The trial court determined that the parties never rescinded the May 5, 1993, agreement nor entered into an agreement in October, 1994. Accordingly, the trial court granted wife's requested relief, and, in addition, ordered husband to pay wife $1,500.00 for counsel fees. This

appeal followed.[1]

Husband's first contention is that the trial court erred in preventing effective cross-examination of wife's sole witness, Frank Baer, Esquire. Intertwined with this contention is husband's assertion that the trial court erred in finding that wife did not waive her attorney-client privilege in regard to communications made to Attorney Baer.

Attorney Baer, who was wife's prior counsel during this matter, testified with the assistance of a file. During his testimony, on numerous occasions, Attorney Baer examined documents in his file to refresh his recollection about the events surrounding the litigation and the negotiations between the parties. Each time Attorney Baer referred to a document, it was shown to husband's counsel immediately. During cross-examination, husband requested permission to examine the entire file used by Attorney Baer during direct examination. The trial court would not permit husband to view the remaining contents of the file which had not been disclosed by Attorney Baer. The trial court indicated that the remaining contents of the file were protected by the attorney-client privilege. While husband does not contest that the contents of Attorney Baer's file was confidential communication ordinarily protected by the attorney-client privilege, he argues that because Attorney Baer "took the stand to testify" and testified concerning some of the documents in the file, wife waived the attorney-client privilege with regard to the entire file. We disagree.

42 Pa.C.S.A. § 5928 provides that "[i]n a civil matter counsel shall not be competent or permitted to testify to

1. This appeal was taken from a pre-divorce order enforcing the parties' property settlement agreement. However, on December 26, 1996, while this case was on appeal, the trial court executed a final divorce decree. Accordingly, the appeal is from a final order. *See Hutnik v. Hutnik,* 369 Pa.Super. 263, 535 A.2d 151 (1987) (equitable distribution order was rendered final by subsequent divorce decree, and, therefore, it was appealable); *Campbell v. Campbell,* 357 Pa.Super. 483, 516 A.2d 363 (1986) (decree distributing marital property which was entered and appealed before divorce decree and which was followed by entry of divorce decree during appeal was final).

confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived at trial by the client." As husband correctly asserts, the appellate courts of this jurisdiction have found waiver when the communication is made in the presence of or communicated to a third party or to the court, when the client relies on the attorney's advice as an affirmative defense, or when the confidential information is placed at issue. *Rost v. State Bd. of Psychology,* 659 A.2d 626 (Pa.Commonwealth Ct.1995); *Johnston v. Johnston,* 346 Pa.Super. 427, 499 A.2d 1074 (1985). However, we find that none of these waiver principles required Attorney Baer to disclose the entire contents of his file.

At the October 30, 1995, hearing, Attorney Baer's testimony was limited to communications made between him and husband's counsel and the events which transpired during the hearing before the special master. The documents he referred to during direct examination included a copy of the parties' May 5, 1993, property settlement agreement and letters exchanged between him and husband's counsel. All of these documents and Attorney Baer's testimony related to communications which were not confidential and which were not protected by the attorney-client privilege. At no time did Attorney Baer testify regarding confidential communications protected by the attorney-client privilege. Husband suggests that because Attorney Baer retrieved nonconfidential documents from a file, instead of approaching the bench with just the necessary documents, the entire file must now be disclosed. We disagree with this contention and find that it is not supported by case law. It is preposterous for husband to suggest that once wife's attorney testified regarding nonconfidential communications, he was required to disclose all documents, including confidential items, in his possession. *Johnston, supra* (attorney was permitted to testify regarding nonconfidential material without revealing privileged communications); *Panko v. Alessi,* 362 Pa.Super. 384, 524 A.2d 930 (1987) (attorney-client privilege does not bar all testimony, attorney is permitted to testify regarding noncon-

fidential communications). Moreover, there was no evidence that the remaining contents in Attorney Baer's file were communicated to a third person or to the court, that wife relied on Attorney Baer's advice as an affirmative defense or that the confidential material was placed at issue. Therefore, wife did not waive the attorney-client privilege with respect to these materials. We also note that husband was given ample opportunity to examine all of the documents referred to by Attorney Baer, and that he was given considerable latitude in cross-examining him regarding these documents. Accordingly, the trial court did not limit improperly husband's cross-examination of Attorney Baer. *Robertson v. Atlantic Richfield Petroleum Products Company*, 371 Pa.Super. 49, 537 A.2d 814 (1987).

Husband's next contention is that the trial court erred in concluding that wife's action was not barred by the doctrine of laches or equitable estoppel. We disagree.

Laches arises when a party's rights have been so prejudiced by the delay of another in pursuing a claim that it would be an injustice to permit the assertion of the claim against the party so prejudiced. *Sprague v. Casey*, 520 Pa. 38, 550 A.2d 184 (1988). "The application of the equitable doctrine of laches does not depend upon the fact that a certain definite period of time has elapsed, but whether, under the circumstances of the particular case, the complaining party is guilty of want of due diligence in failing to act at another's prejudice." *In re Jones*, 442 Pa.Super. 463, 660 A.2d 76, 82 (1995) (citation omitted).

Husband contends that wife unreasonably failed to commence this action for approximately two and a half years since the parties entered into the May 5, 1993, property settlement agreement. However, the record demonstrates that between May 5, 1993, and the filing of this suit on September 6, 1995, wife made several demands requesting husband to abide by the terms of the May 5, 1993, agreement. The record further shows that the parties met on several occasions to discuss the May 5, 1993, agreement, including a

meeting which occurred in October, 1994. The record further reveals that despite wife's insistence that husband abide by the terms of the May 5, 1993, agreement, husband refused to do so. Essentially, it was husband's refusal to abide by the agreement that triggered this legal action. Wife filed her petition for special relief approximately one year after the parties' October, 1994, meeting. We find that from these circumstances, wife acted diligently, and, therefore, any prejudice that husband suffered cannot be attributed to wife's lack of diligence but must be attributed to his own actions. *In re Jones, supra.*

As for husband's argument that wife's claim was barred by equitable estoppel, we find it meritless.

Equitable estoppel is a doctrine that prevents one from doing an act differently from the manner in which another was induced by word or deed to expect. *Council of Plymouth Township v. Montgomery County,* 109 Pa.Cmwlth. 616, 531 A.2d 1158 (1987). Its essential elements are inducement and justifiable reliance on that inducement exhibited by a change in one's condition to his or her detriment. *Cosner v. United Penn Bank,* 358 Pa.Super. 484, 517 A.2d 1337 (1986). One who asserts equitable estoppel must prove the elements by clear, precise and unequivocal language. *Cosner, supra.*

Husband argues that the parties rescinded their May 5, 1993, agreement and entered into a new binding property settlement agreement in October, 1994. Husband further argues that because wife entered into the October, 1994, agreement, thereby inducing him to pay for her health care coverage and to provide her with Amtrak passes, and because he justifiable relied on the terms of the October, 1994, agreement, wife is now estopped from claiming that the May 5, 1993, agreement is enforceable. However, husband's argument overlooks the fact that the trial court determined that the parties did not enter into an agreement in October, 1994, and that the parties did not rescind the May 5, 1993, agreement. Specifically, the trial court determined that there was no "meeting of the minds" to rescind the May 5, 1993,

agreement and to enter into a new agreement in October, 1994. Trial Court Opinion dated April 1, 1996, p. 4. Whether the parties rescinded the May 5, 1993, agreement and entered into a new one in October, 1994, was an issue of fact for the trial court. *Johnston, supra* (intent of parties to contract is question of fact which must be determined by the finder of fact). The record supports the trial court's finding that the parties intended to be bound by the terms recited for the record during the hearing on May 5, 1993, and that this agreement was not rescinded or replaced by a later agreement. Therefore, we find that there is no evidence that husband was induced to act because of an alleged agreement reached in October, 1994. We further note that husband has failed to disclose any other evidence that wife made representations of facts which induced him to make a change in his conditions to his detriment. Accordingly, we find that husband failed to prove the necessary elements of equitable estoppel. *See Cosner, supra* (inducement is necessary for a finding of equitable estoppel).

Husband's next contention is that the trial court erred in finding the parties' May 5, 1993, property settlement agreement enforceable, and then enforcing only some of the provisions contained therein. Husband specifically contends that the trial court was required to either enforce the entire agreement or find that there was no complete agreement and then remand the matter to the special master.[2] We disagree.

In *Luber v. Luber*, 418 Pa.Super. 542, 614 A.2d 771 (1992), husband argued that the trial court erred in failing to order both parties to comply with the terms of the marital settlement agreement. We found that there was no allegation by husband that wife was unwilling or unable to comply with the terms of the agreement. Accordingly, since husband alone was the party who refused to comply with the terms of the settlement agreement, we held that it was appropriate for the trial court to order only his compliance.

2. We note with disapproval that husband has failed to cite any authority supporting this contention.

■ Here, husband alleges that the trial court erred in failing to enforce those provisions of the May 5, 1993, agreement relating to wife's obligation to pay certain credit card debts, the country club bill and to reimburse him for medical expenses. However, the record clearly indicates that, while husband testified that wife did not comply with the terms of the alleged October, 1994, agreement, he also testified that he had no proof that wife was not complying with the terms of the May 5, 1993, agreement. Particularly, husband testified that he had no proof that wife had failed to pay certain credit card debts, the country club bill or failed to reimburse him for medical expenses. Accordingly, we find that since the evidence established that husband was not complying with particular provisions of the May 5, 1993, agreement, and that there was no evidence of wife's non-compliance with the agreement, the trial court did not err in ordering husband to comply with those provisions sought to be enforced by wife.

■ Husband's final contention is that the trial court erred in ordering him to pay wife's counsel fees pursuant to 42 Pa.C.S.A. § 2503(7). We disagree.

■ "The general rule is that the parties to litigation are responsible for their own counsel fees ... unless otherwise provided by statutory authority, agreement of the parties or some other recognized exception." *Cher–Rob, Inc. v. Art Monument Company,* 406 Pa.Super. 330, 594 A.2d 362, 363 (1991) (citations omitted). The trial court found authority for its award of counsel fees in 42 Pa.C.S.A. § 2503(7). Section 2503(7) is a statutory provision enabling a participant to receive reasonable counsel fees when another participant engages in dilatory, obdurate or vexatious conduct during the pendency of a matter. *In re Estate of Liscio,* 432 Pa.Super. 440, 638 A.2d 1019 (1994). The term "matter" is defined by 42 Pa.C.S.A. § 102 to mean "an action, proceeding or appeal." This Court has held that Section 2503(7) applies only to dilatory acts occurring *after* a lawsuit is instituted, and, therefore, counsel fees may not be awarded on the basis of a defendant's pre-litigation conduct. *Cher–Rob, supra; McGarry v. Broadmoor Custom Homes, Inc.,* 387 Pa.Super. 43, 563

A.2d 934 (1989). Moreover, "it is well-settled that this Court will not reverse the trial court on its decision to award counsel fees absent an abuse of discretion." *O'Connell v. O'Connell,* 409 Pa.Super. 25, 597 A.2d 643, 647 (1991) (citation omitted).

The trial court granted wife's request for counsel fees because it determined that husband's refusal to sign and abide by the terms of the property settlement agreement reached between the parties and put on the record before the master constituted dilatory, obdurate or vexatious conduct. Trial Court Opinion dated April 1, 1996, p. 6. Here, the conduct supporting the trial court's award of counsel fees (husband's refusal to sign and abide by the terms of the written agreement) occurred after wife's complaint was filed and during the pendency of the divorce proceeding. Therefore, husband's conduct occurred after the lawsuit was instituted. Moreover, we find that the trial court did not abuse its discretion in concluding that husband's failure to sign and abide by the terms of the written agreement amounted to dilatory, obdurate or vexatious conduct. During litigation, husband repeatedly refused to sign or abide by the terms of the written property agreement after agreeing orally to do so. It was clear to the trial court and to this Court that husband's sole reason for refusing to sign the written agreement was factually frivolous. Accordingly, we agree that appellant's failure to sign and abide by the May 5, 1993, agreement constituted wholly unreasonable behavior under the circumstances and that the trial court did not abuse its discretion in granting the award of counsel fees. *Jakstys v. Jakstys,* 326 Pa.Super. 367, 474 A.2d 45 (1984) (plaintiff's failure to sign an order to settle, after agreeing to do so, constituted wholly unreasonable behavior and warranted sanctions); *Brenckle v. Arblaster,* 320 Pa.Super. 87, 466 A.2d 1075 (1983) (appellant agreed during litigation to list the realty at issue, but at the last moment, and without reason, refused to sign the deed).

For all of the foregoing reasons, we affirm the trial court's order enforcing the parties' May 5, 1993, property settlement agreement and granting wife counsel fees.

Affirmed.