## Goss v. Allstate Insurance Co.

384

C.P. of Dauphin County, no. 5444-S-1998.

*Timothy Shollenberger,* for plaintiffs.
*Harvey Freedenberg,* for defendants.

TURGEON, *J.,* November 2, 2000—Allstate Insurance Company seeks to compel plaintiff Norine Goss to

answer deposition questions regarding a conversation she had with a prior attorney, Peter Munsing. Plaintiff, through her current attorney, objects to answering the questions, asserting her attorney-client privilege. Allstate argues she has waived the privilege.

## FACTS

On September 15, 1995, plaintiff was injured in an automobile accident with an Allstate-insured driver. Plaintiff alleges that just four days following the accident, Allstate sent her a "Customer service pledge," which stated it would keep her informed, conduct a fair investigation and determine if she should receive any compensation from Allstate for injuries suffered. On September 18, 1997, plaintiff executed a release of all claims in favor of Allstate's insured in exchange for a $9,600 settlement. Plaintiff subsequently filed the current action against Allstate and its employee Dorothy Carson alleging that the "Customer service pledge" contained misrepresentations upon which she justifiably relied in settling below the value of her claim. She asserts that, based upon her reliance that Allstate would treat her fairly, she did not hire an attorney or file any claim against Allstate's insured and instead executed the release.

Allstate has attached to its motion to compel, deposition testimony plaintiff provided on February 28, 2000, in a separate action involving Allstate. *Commonwealth v. Allstate Insurance Company,* docket no. 1009 MD 1998. During that deposition, plaintiff stated that prior to executing her release with Allstate, she had spoken with Attorney Munsing and followed some of his ad-

vice. However, she stated that she did not hire him because "she was not pleased with his actions."

On May 19, 2000, Allstate deposed plaintiff with regards to the allegations at hand. At the deposition, plaintiff again testified that approximately six months prior to executing the release, she had spoken with Attorney Munsing on the telephone. She stated that she called him for the purpose of discussing her automobile accident and the possibility of retaining him. Allstate's attorney asked plaintiff subsequent questions regarding this information and plaintiff's current attorney objected and instructed her not to answer the following:

"(1) Did Attorney Munsing give you any advice?

"(2) What did you tell him?

"(3) What did Attorney Munsing tell you?

"(4) Did you follow any of his advice?

"(5) Why did you decide not to retain him?"

Plaintiff asserted her attorney-client privilege with attorney Munsing as the basis for refusal to answer these questions.

## LEGAL DISCUSSION

The issue before the court is whether plaintiff waived her attorney-client privilege when she filed her complaint in the current action and/or offered testimony in a related action, which placed at issue whether or not she relied on the advice of anyone other than Allstate or its employee in deciding to execute a release without benefit of legal counsel.

The attorney-client privilege is codified as follows:

"In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon trial by the client." 42 Pa.C.S. §5928.

The purpose behind the attorney-client privilege is to foster a confidence between a client and his or her attorney that will lead to a "trusting and open attorney-client dialogue." *Joyner v. SEPTA*, 736 A.2d 35, 39 (Pa. Commw. 1999) (citing *Estate of Kofsky*, 487 Pa. 473, 409 A.2d 1358 (1979)). That plaintiff had an attorney-client relationship with Mr. Munsing is not at issue. The burden is on Allstate as the party seeking disclosure to prove that the information it seeks does not violate this privilege. *Id.*

The attorney-client privilege may be waived "when the communication is made in the presence of or communicated to a third party or to the court, when the client relies on the attorney's advice as an affirmative defense, or when the confidential information is placed at issue." *Bonds v. Bonds*, 455 Pa. Super. 610, 615, 689 A.2d 275, 277 (1997). We agree with Allstate that plaintiff waived the privilege by placing the confidential information at issue by alleging fraud in this action. To prevail on a fraud cause of action, the plaintiff must prove the following: "(1) the defendant made a misrepresentation that is material to the transaction at hand; (2) the misrepresentation was made with knowledge of the statement's falsity or with reckless disregard as to whether it was true or false; (3) the defendant made the misrepresentation with the intent of inducing reliance; *(4) the plaintiff justifiably relied upon the misrepresen-*

*tation;* and (5) the resulting injury was proximately caused by the reliance." *Shoemaker v. Commonwealth Bank,* 700 A.2d 1003, 1005 (Pa. Super. 1997). (emphasis added)

In her complaint, plaintiff alleged that she justifiably relied on misrepresentations contained in the Allstate "Customer service pledge" and did not hire an attorney because she thought that Allstate would treat her fairly, as if she were its own policyholder. (Complaint ¶32.) However, the record before us indicates that prior to settling, plaintiff telephoned Attorney Munsing, sought his advice regarding the automobile accident and relied upon some of his advice. This conversation is directly relevant to determining whether or not plaintiff's reliance on Allstate's alleged misrepresentations was justified. See *Naglak v. Pennsylvania State University,* 133 F.R.D. 18, 23 (M.D. Pa. 1990) (the court held that to the extent a plaintiff relies on statements made by her attorney to prove her claim, she waived her attorney-client privilege under Pennsylvania law) See also, *Sarko v. Penn-Del Directory Company,* 170 FRD 127, 130 (E.D. Pa. 1997) (under Pennsylvania law, the attorney-client privilege is waived when advice of counsel is placed at issue in litigation).

Accordingly, we enter the following:

## ORDER

And now, November 2, 2000, Allstate Insurance Company's motion to compel answers to deposition questions is hereby granted.