**Joanne Gail SALSMAN, Executrix of the Estate of Vera Salsman, and Douglas Howard Salsman**

v.

**Ronald and Sarah L. BROWN, Appellants.**

Superior Court of Pennsylvania.

Argued July 11, 2012.

Filed Aug. 24, 2012.

Howard M. Spizer, Scranton, for appellants.

Chad M. Salsman, Towanda, for appellees.

BEFORE: BOWES, OTT, and STRASSBURGER*, JJ.

* Retired Senior Judge assigned to the Superior Court.

## OPINION BY STRASSBURGER, J.:

Appellants, Ronald Brown and his wife, Sarah Brown (the Browns), appeal from the order granting a petition to enforce settlement agreement filed by Appellees, Joanne Gail Salsman, executrix of the estate of Vera Salsman, and Douglas Howard Salsman (the Salsmans). Upon review, we reverse and remand for proceedings consistent with this opinion.

Vera Salsman owned a large parcel of real estate located in Wyndham Township, Wyoming County, Pennsylvania. According to the allegations of the complaint, she agreed to convey it to Ronald Brown. He would subdivide it and distribute the land to Vera Salsman's heirs, retaining 42 acres for himself, for which he would pay Vera Salsman $650 per acre, for a total of $27,300. On December 1, 2008, the Salsmans filed a complaint against the Browns which included, *inter alia,* a count for breach of contract for failure to make payments under the agreement, with the Browns owing a balance of $23,000 per the agreement.

On March 15, 2010, Patrick L. Beirne, Esquire, who represented the Browns, sent a letter to the Salsmans' attorney offering to settle the matter for $23,000 along with other stipulations. On April 12, 2010, the Salsmans' attorney sent a letter to Attorney Beirne accepting the offer. On October 13, 2010, the Salsmans filed a petition to enforce this settlement agreement because the Browns had not complied with the terms of the settlement.

On October 18, 2010, the trial court issued a rule to show cause why the settlement agreement should not be enforced. On November 15, 2010, Attorney Beirne filed a petition to withdraw his appearance in this matter because the Browns terminated his representation. On December 6, 2010, the Browns, through new counsel, filed an answer to the petition to enforce settlement averring they never authorized Attorney Beirne to make an offer to the Salsmans to settle the matter.

The hearing on the petition to enforce the settlement agreement was held on December 7, 2010.[1] Prior to the hearing, the Salsmans subpoenaed Attorney Beirne to testify regarding these letters. Attorney Beirne asked the trial court to quash the subpoena arguing that he would not be permitted to testify because the Browns did not waive their attorney client privilege. The trial court then quashed the subpoena. N.T., 11/22/2011, at 13.

At the hearing, Joanne Salsman testified that she received a letter from Attorney Beirne with an offer to settle the case and she accepted the terms of the settlement. Ronald Brown also testified. He testified that he was not aware that Attorney Beirne wrote the March 15, 2010 letter, he was not aware that he sent the letter, and Attorney Beirne was not authorized to do so. *Id.* at 32.[2] The parties stipulated that Sarah Brown would offer the same testimony as Ronald Brown. *Id.* at 44.

■ Following the hearing, the parties were still unable to reach a settlement agreement, and on October 4, 2011, the trial court entered an order granting the Salsmans' petition to enforce the settlement agreement. The Browns filed a timely notice of appeal and both the Browns and the trial court complied with Pa.R.A.P. 1925.

When reviewing a trial court's decision to enforce a settlement agreement, our scope of review is plenary as to questions of law, and we are free to

---

1. The trial court permitted Attorney Beirne to withdraw as counsel.

2. Brown did not testify as to when he learned the specifics of the offer made in the letter.

draw our own inferences and reach our own conclusions from the facts as found by the court. However, we are only bound by the trial court's findings of fact which are supported by competent evidence. The prevailing party is entitled to have the evidence viewed in the light most favorable to its position. Thus, we will only overturn the trial court's decision when the factual findings of the court are against the weight of the evidence or its legal conclusions are erroneous.

*Bennett v. Juzelenos,* 791 A.2d 403, 406 (Pa.Super.2002) (internal citations omitted).

■ Instantly, the trial court concluded that the settlement agreement was enforceable in this case where the record is clear that the Browns intended to settle the matter and they had numerous conversations with their attorney regarding settlement. Trial Court Opinion, 1/26/2012, at 11. The trial court did not believe the Browns' argument that the March 15, 2010 letter was a "miscommunication" because the Browns took no affirmative steps to withdraw the settlement offer. *Id.*

On appeal, the Browns argue that the trial court erred because the testimony at the hearing did not establish that Attorney Beirne had express authority to make a settlement offer. Browns' Brief at 22. We agree.

In *Reutzel v. Douglas,* 582 Pa. 149, 870 A.2d 787 (2005), our Supreme Court stated the following:

> The law in this jurisdiction is clear and well-settled that an attorney must have express authority in order to bind a client to a settlement agreement. The rationale for this rule stems from the fact that parties settling legal disputes forfeit substantial legal rights, and such rights should only be forfeited knowingly. As such, a client's attorney may not settle a case without the client's grant of express authority, and such express authority can only exist where the principal specifically grants the agent the authority to perform a certain task on the principal's behalf.

*Id.* at 789–90.

There is no doubt that Ronald Brown testified that Attorney Beirne was not authorized to make the offer contained in the March 15, 2010 letter. However, the trial court was deprived of the opportunity to hear testimony from Attorney Beirne regarding his understanding as to whether or not he was authorized to make a settlement agreement. Thus, the trial court could not reach the legal conclusion that Attorney Beirne had express authority to bind the Browns to this offer. Accordingly, we reverse the order of the trial court.

On remand, the trial court shall conduct another hearing to discern whether Attorney Beirne had express authority to bind the Browns. At that hearing, the issue will arise again about whether Attorney Beirne can testify, and so we offer the trial court some guidance in that regard.

The trial court concluded that Attorney Beirne could not testify about confidential communications between him and the Browns based upon the attorney client privilege. *See* 42 Pa.C.S. § 5928 ("In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client.").

> [T]he question of [w]hether attorney-client privilege protects a particular communication from disclosure is a question of law. . . . Additionally, we note that
>
> > the party who has asserted the attorney-client privilege must initially set

forth facts showing that the privilege has been properly invoked; then the burden shifts to the party seeking disclosure to set forth facts showing that disclosure will not violate the attorney-client privilege, e.g., because the privilege has been waived or because some **exception** applies.

*Carbis Walker, LLP v. Hill, Barth & King, LLC,* 930 A.2d 573, 581 (Pa.Super.2007) (internal quotations and citations omitted) (emphasis added).

 One such exception occurs when the client has attacked the integrity and professionalism of counsel. *See e.g., Doll v. Loesel,* 288 Pa. 527, 136 A. 796, 798 (1927) (Attorney was entitled to respond to a direct attack on his integrity and "privilege could not be availed of to keep him silent under the imputation[.]"); *Loutzenhiser v. Doddo,* 436 Pa. 512, 260 A.2d 745, 748 (1970) ("A communication between an attorney and his client is not privileged if ... the attorney is rebutting the client's attack on his integrity or professional competence."); *Commonwealth v. Chmiel,* 558 Pa. 478, 738 A.2d 406, 414 (1999) ("[T]the client's attack on the competence of counsel serves as a waiver of the privilege as to the matter at issue.").

Thus, the Browns' own argument, that Attorney Beirne was not authorized to send this settlement letter, resulted in an exception to the attorney client privilege because the Browns are questioning the integrity and professionalism of Attorney Beirne. Accordingly, Attorney Beirne shall be permitted to testify because attorney client privilege is inapplicable here.[3]

Order reversed. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

---

**3.** We also point out that an argument can be made that the Browns have improperly invoked the attorney-client privilege, thereby waiving it in this case, by placing the communication between them and Attorney Beirne at issue. "[T]he appellate courts of this jurisdiction have found waiver when the communication is made in the presence of or communicated to a third party or to the court, when the client relies on the attorney's advice as an affirmative defense, or when the confidential information is placed at issue." *Bonds v. Bonds,* 455 Pa.Super. 610, 689 A.2d 275, 277 (1997). *See also, Nationwide Mut. Ins. Co. v. Fleming,* 924 A.2d 1259, 1265 (Pa.Super.2007) ("A litigant attempting to use attorney-client privilege as an offensive weapon by selective disclosure of favorable privileged communications has misused the privilege; waiver of the privilege for all communications on the same subject has been deemed the appropriate response to such misuse.").