J-A26020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VASILIS M. KOSTAKIS AND MAIDA S. JOHNSTON KOSTAKIS | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : : | |
| | : | No. 546 MDA 2017 |
| JULIE A. LAMMEL AND DENISE M. ST. PIERRE | : : | |

Appeal from the Order Entered March 3, 2017
In the Court of Common Pleas of Centre County
Civil Division at No(s):  2014-3406

BEFORE:  BOWES, OLSON and RANSOM, JJ.

MEMORANDUM BY OLSON, J.:               **FILED JANUARY 19, 2018**

Vasilis M. Kostakis ("Vasilis") and Maida S. Johnston Kostakis (collectively "Appellants") appeal from the order entered on March 3, 2017 granting Julie A. Lammel's and Denise M. St. Pierre's (collectively "Neighbors'") motion to enforce the parties' settlement agreement.  We affirm.

The factual background of this case is as follows.  On November 20, 2013, Vasilis was trimming tree branches on his property.  Neighbors' dog left Neighbors' property and attacked Vasilis.  He suffered serious injuries as a result of the attack.

The procedural history of this case is as follows.  On September 5, 2016, Appellants filed a complaint against Neighbors relating to the dog's attack on Vasilis.  During a mediation on July 8, 2016, Appellants authorized their former

counsel[1] to settle the case for $100,000.00; however, no agreement was reached at the mediation. On July 19, 2016, Neighbors informed Appellants' former counsel that they were willing to settle the case for $25,000.00. Appellants' former counsel relayed the offer to Appellants and, on the morning of July 27, 2016, they rejected the offer. Instead, Appellants hand-delivered a letter to their former counsel in which they reaffirmed that they were willing to settle the case for approximately $100,000.00.

After receiving Appellants' correspondence, their former counsel contacted them via telephone. During that conversation, Appellants authorized their former counsel to settle the case for between $25,000.00 and $30,000.00. On July 29, 2016, Appellants' former counsel asked Neighbors to increase their $25,000.00 offer by the amount of a medical lien owed by Appellants. Neighbors acquiesced and an oral settlement between counsel for the parties was reached. A written settlement release was then drafted and presented to Appellants. They refused to sign the settlement release.

On September 15, 2016, Neighbors moved to enforce the oral settlement agreement. Appellants' former counsel then withdrew his appearance and new counsel entered his appearance. An evidentiary hearing was held on January 23, 2017. On March 3, 2017, the trial court granted

---

[1] Throughout this memorandum, we refer to the attorney who represented Appellants prior to them filing an opposition to Neighbors' motion to enforce the settlement agreement as former counsel to differentiate that attorney from Appellants' current counsel.

Neighbors' motion to enforce the oral settlement agreement. This timely appeal followed.[2]

Appellants present three issues for our review:

1. Whether the trial court abused its discretion by granting [Neighbors]' motion to enforce the settlement agreement when Appellants' prior legal counsel lacked express authority to enter into a binding oral settlement agreement on behalf of Appellants to settle the lawsuit for the sum of $26,194.21?

2. Whether the trial court abused its discretion in finding that the conversations between Appellants' prior legal counsel and [Neighbors]' counsel amounted to a binding oral agreement when the material terms of the agreement had not been finalized in the form of the exact dollar amount of the proposed oral settlement agreement between the parties?

3. Whether the trial court abused its discretion by granting [Neighbors]' motion to enforce the settlement agreement absent an executed settlement release?

Appellants' Brief at 5-6 (certain capitalization omitted).[3]

All three of Appellants' issues challenge the trial court's decision to enforce the parties' settlement agreement. The granting of a motion to enforce a settlement agreement is a mixed question of law and fact. *See Camp Horne Self Storage LLC v. Lawyers Title Ins. Corp.*, 150 A.3d 999, 1001 n.4 (Pa. Super. 2016) (citation omitted). Therefore, our standard of

---

[2] On April 3, 2017, the trial court ordered Appellants to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On April 21, 2017, Appellants filed their concise statement. On May 5, 2017, the trial court issued its Rule 1925(a) opinion. All of Appellants' issues were included in their concise statement.

[3] We have re-numbered the issues for ease of disposition.

review is whether the trial court's legal conclusions are correct and whether its factual findings are supported by the record. *Id.*

In their first issue, Appellants argue that their prior counsel lacked express authority to enter into a settlement agreement on their behalf. "[A]n attorney must have express authority in order to bind a client to a settlement agreement. . . . [S]uch express authority can only exist where the [client] specifically grants the [attorney] the authority to perform a certain task on the [client's] behalf. *Salsman v. Brown*, 51 A.3d 892, 894 (Pa. Super. 2012) (citation omitted).

Appellants cite to the letter they hand-delivered to their former counsel on the morning of July 27, 2016, along with Vasilis' testimony at the evidentiary hearing, in support of their argument that their former counsel lacked the express authority to settle their case for $26,194.31. This evidence would support a factual finding that Appellants' former counsel lacked such express authority. However, there is equally competent evidence which supports the actual finding made by the trial court in this matter.

At the evidentiary hearing, Appellants' former counsel testified that when he spoke to Appellants on the afternoon of July 27, 2016, they gave him express authority to settle their case for between $25,000.00 and $30,000.00. *See* N.T., 1/23/17, at 15. This testimony was supported by Appellants' former counsel's notes during the telephone conversation. *See* Neighbors' Exhibit 2, at 5.

The only cases cited by Appellants in support of their position that their former counsel lacked express authority to settle the case are inapposite. In those cases, the trial courts made factual findings that counsel lacked express authority to settle the cases for the amounts at issue. *See Gatto v. Verizon Pa., Inc.*, 2009 WL 3062316, *8-10 (W.D. Pa. 2009); *Ruetzel v. Douglas*, 870 A.2d 787, 788 (Pa. 2005). That is not what occurred in the case *sub judice*.

The trial court was presented with conflicting testimony and conflicting documentary evidence regarding whether Appellants expressly authorized their former counsel to settle the case for between $25,000.00 and $30,000.00. The trial court, who presided at the evidentiary hearing, made a credibility determination and found that Appellants' former counsel was more credible than Vasilis. "Credibility determinations are for the [factfinder]. As long as sufficient evidence exists in the record to support the credibility findings, this Court may not overturn those findings." *In re Merlo*, 58 A.3d 1, 16 (Pa. 2012) (citation omitted). As noted above, sufficient evidence exists in the record to support this credibility determination, *i.e.*, the contemporaneous notes taken by Appellants' former counsel. Hence, we decline to overturn the trial court's credibility determination and conclude that the trial court's factual finding that Appellants' former counsel had express authority to settle the case for between $25,000.00 and $30,000.00 is supported by the record.

In their second issue, Appellants argue that, even if their former counsel had express authority to settle the case for $26,194.21 on July 29, 2016, no binding settlement agreement existed prior to them revoking that express authority. According to Appellants, the oral settlement agreement that their former counsel agreed to on July 29, 2016 was not legally enforceable because the amount of the medical lien was unknown. Before the amount of the medical lien was known, Appellants argue that they unequivocally revoked their former counsel's express authority to settle the case for between $25,000.00 and $30,000.00. Neighbors, on the other hand, argue that an enforceable oral settlement agreement was entered into on July 29, 2016. According to Neighbors, the exact amount of the medical lien was known on that date.

We reject Neighbors' argument that the exact amount of the lien was known at the time the oral settlement agreement was reached. The trial court found that the agreement was for $25,000.00 plus the medical lien. **See** Trial Court Opinion, 5/5/17, at 3. Nonetheless, an enforceable oral settlement agreement was reached on July 29, 2016; prior to Appellants revoking their former counsel's express authority to settle the case for between $25,000.00 and $30,000.00. In Pennsylvania, "principles of contract law govern the interpretation and applicability of settlement agreements." **Prof'l Flooring Co., Inc. v. Bushar Corp.**, 152 A.3d 292, 299 (Pa. Super. 2016), *appeal denied*, 170 A.3d 1036 (Pa. 2017) (citation omitted). Therefore, "[i]f all of

the material terms of a bargain are agreed upon, the settlement agreement will be enforced." **Commerce Bank/Pennsylvania v. First Union Nat. Bank**, 911 A.2d 133, 145 (Pa. Super. 2006) (citation omitted).[4]

In this case, all the material terms of settlement were orally agreed to by Appellants' former counsel and Neighbors' counsel. Specifically, Appellants agreed to discontinue their case against Neighbors with prejudice and Neighbors agreed to pay Appellants $25,000.00 plus the cost of the medical lien. The fact that the exact amount of the medical lien was unknown is irrelevant. A material term need only provide a court a "reasonably certain basis for giving an appropriate remedy." **Jeannette Paper Co. v. Longview Fibre Co.**, 548 A.2d 319, 324 (Pa. Super. 1988), *appeal denied*, 559 A.2d 38 (1989). In this case, the parties' oral agreement provided a reasonably certain basis for giving an appropriate remedy. The amount of the medical lien was easily and readily ascertainable. As such, the oral settlement agreement to pay $25,000.00 plus the medical lien is the same as if the oral settlement agreement was phrased as exactly $26,194.21. In both cases, the oral settlement agreement included all material terms necessary for formation of an enforceable contract.

---

[4] Appellants' citation to **Muhammad v. Strassburger, McKenna, Messer, Shilobod & Gutnick**, 587 A.2d 1346 (Pa. 1991) is inapposite. In that case, our Supreme Court merely stated that an offer must included a settlement amount. **Id.** at 1349. In this case, Neighbors' offer did include a settlement amount, *i.e.*, $25,000.00 plus the medical lien.

Appellants rely heavily on their former counsel's testimony at the evidentiary hearing. At that hearing, he testified that he believed the amount of the medical lien still needed to be resolved. This argument, however, is unpersuasive. Whether an enforceable contract (in this case an oral settlement agreement) was formed "is generally one of law for the court to decide." **Delaware River Pres. Co., Inc. v. Miskin**, 923 A.2d 1177, 1182 (Pa. Super. 2007) (citation omitted). Thus, Appellants' former counsel's testimony was not regarding a fact at issue in the case. Instead, it was a legal conclusion to which the trial court owed no deference. Instead, the trial court was required to make factual findings based on the testimony and documentary evidence produced at the hearing and make a legal conclusion regarding whether an enforceable oral settlement agreement was entered into on July 29, 2016. We ascertain no error in the trial court's legal conclusion that an enforceable settlement agreement was entered into on July 29, 2016.

In their final issue, Appellants argue that the trial court erred by enforcing the oral settlement agreement because there was no signed settlement release. This argument is without merit. "Pursuant to well-settled Pennsylvania law, oral agreements to settle are enforceable without a writing." **Step Plan Servs., Inc. v. Koresko**, 12 A.3d 401, 409 (Pa. Super. 2010) (citation omitted). As discussed above, we conclude that the trial court's factual findings regarding an oral settlement agreement are supported by the record.

Appellants also argue that, because the written settlement release tendered by Neighbors included an integration clause, their failure to execute the written settlement release renders the oral settlement agreement unenforceable. Although the written settlement release tendered to Appellants included an integration clause, the oral settlement agreement was enforceable. So long as the parties' oral settlement agreement was not contingent upon later execution of a written settlement release, the failure of a party to sign a release which includes an integration clause does not render the oral settlement agreement unenforceable. *Mastroni-Mucker v. Allstate Ins. Co.*, 976 A.2d 510, 522 (Pa. Super. 2009), *appeal denied*, 991 A.2d 313 (Pa. 2010) (citations omitted).

Appellants cite their former counsel's testimony that he does not "know of any other way to settle a case with an insurance company without having a release signed," N.T., 1/23/17, at 38, as support for their argument that the oral settlement agreement was contingent upon the execution of a written settlement release. Appellants fail to acknowledge, however, that their former counsel also testified that the oral settlement agreement was not contingent upon the signing of a written settlement release. *Id.* The trial court credited this testimony and this factual finding is supported by the record. Therefore, the trial court's conclusion that the oral settlement was enforceable is free of legal error. Accordingly, we affirm the order enforcing the oral settlement agreement.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>01/19/2018</u>