J-A25039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HIDDEN RIDGE CONDOMINIUM ASSOCIATIONS, INC., A PENNSYLVANIA NON-PROFIT CORPORATION, AND JILL WANZIE, TOM BURICH, KATHLEEN RAUSCHER, KAREN LOFE AND COREY SIGLER, AS TRUSTEES AD LITEM OF THE EXECUTIVE BOARD OF THE HIDDEN RIDGE CONDOMINIUM ASSOCIATION, ON THEIR OWN BEHALF OF ALL THE OTHERS SIMILARLY SITUATED | : IN THE SUPERIOR COURT OF : PENNSYLVANIA : : : : : : : : No. 873 WDA 2021 : : : : |
| v. | : : : |
| P. RONALD SABATINO A./K/A RONALD SABATINO , SCIOTO CONSTRUCTION COMPANY, A PENNSYLVANIA CORPORATION AND T&R PROPERTIES, INC., AN OHIO CORPORATION. | : : : : : : : : |
| APPEAL OF: SCIOTO CONSTRUCTION COMPANY | : : |

Appeal from the Judgment Entered July 16, 2021
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-08-021879

BEFORE:  KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:          **FILED: MARCH 9, 2023**

Scioto Construction Company (Scioto) appeals from the judgment entered in the Allegheny County Court of Common Pleas after the trial court granted Hidden Ridge Condominium Associations, Inc.'s (Hidden Ridge)

petition to enforce a settlement agreement. The court awarded damages to Hidden Ridge in the amount of $220,874.25 and struck a quitclaim deed recorded by Scioto on October 13, 2017, rendering Scioto responsible for the on-going maintenance of a stormwater detention facility on the subject parcel until such time that it is dedicated to and accepted by the township. On appeal, Scioto argues the trial court erred by entering summary judgment in favor of Hidden Ridge when: (1) genuine issues of material fact remained; (2) the court failed to hold a trial or evidentiary hearing on Scioto's affirmative defenses; (3) Hidden Ridge's contract action is barred by the statute of limitations; (4) the damages award is unsupported by competent evidence; (5) the damages award contradicts the court's prior ruling which was overturned on appeal; and (6) the language of the settlement agreement either did not require the township's acceptance of the stormwater detention facility or was ambiguous as to that term. For the reasons below, we vacate the order on appeal and remand for further proceedings.

The tortured procedural history of this litigation began in 2008, generated one trial on an unrelated issue, and has resulted in four prior appeals to this Court. By way of background, "Scioto developed a condominium project in South Park Township, Allegheny County." ***Hidden Ridge Condominium Assoc. v. Sabatino***,[1] 1272 WDA 2018, 1307 WDA

_____

[1] P. Ronald Sabatino is the managing member of Scioto and T & R Properties, which was also a named defendant in the original action. ***See*** Settlement Agreement & Release, 9/24/12, at 2.

- 2 -

2018, 1642 WDA 2018, 1692 WDA 2018 (unpub. memo. at 4) (Pa. Super. Oct. 1, 2019) (footnote omitted).  In 2008, Hidden Ridge, on behalf of itself and all unit owners, initiated a civil action against Scioto and several other related defendants, asserting claims for, *inter alia*, unpaid condominium fees, breach of contract, breach of warranties, and misappropriation of funds.  **See** Hidden Ridge's Amended Complaint in Equity & Civil Action Including Class Action Allegations, 11/4/09, at ¶¶ 66-81, 96-135, 144-50.  However, as the trial court explains:  "The crux of that litigation concerned the ramifications of the [condominium] plan's designation as a 'non-flexible' . . . plan rather than a 'flexible plan[,]'" which resulted in Scioto's obligation to pay condominium fees.  Trial Ct. Op., 11/8/21, at 7.  The issue of the unpaid fees proceeded to a jury trial,[2] and on June 4, 2012, the jury entered an award in favor of Hidden Ridge in the amount of $251,725.  **Id.**  Scioto filed an appeal to this Court, which affirmed the judgment.  **Hidden Ridge v. Sabatino v. J.R. Gales & Assoc.**, 1992 WDA 2012 (unpub. memo.) (Pa. Super. Dec. 18, 2013).

Meanwhile, on September 24, 2012, the parties entered into a Settlement Agreement and Release, by which Scioto agreed to pay Hidden Ridge $650,000 to resolve the remaining outstanding claims.  **See** Settlement Agreement & Release at ¶ 1.1.  In addition, and relevant to the matter herein,

---

[2] Scioto filed an appeal from a prior order of the trial court which granted partial summary judgment.  This Court quashed that appeal as interlocutory.  **See Hidden Ridge v. Sabatino v. J.R. Gales & Assoc.**, 79 WDA 2012 (unpub. memo.) (Pa. Super. Feb. 10, 2012).

the Settlement Agreement also included the following paragraph pertaining to the completion of construction of the development:

> 1.3 **Scioto Build-Out**. Scioto has built only 161 of the 181 condominium units created by the Declaration and the Parties agree that the remaining 20 un-built Units shall be built (the "Build Out Units"). Scioto will commence construction on the Build Out Units no later than April 14, 2013, or as soon thereafter as conditions permit, and shall substantially complete such construction of the Build Out Units by December 31, 2014, and further agrees that **the permanent storm water detention facilities shall be completed and dedicated to South Park Township by December, 2014**. All construction shall be completed in accordance with the Developer's Agreement with South Park Township, the Declaration and the Plans of Hidden Ridge, including, but not limited to, **the completion of all permanent storm water detention facilities, as required by the applicable law, and including, but not limited to, the Ordinances of the Township of South Park and the Commonwealth of Pennsylvania**. As to the completed Common Areas and Units, the Scioto Defendants shall have no obligation to complete, fix and/or repair any other alleged deficiency described by the Releasing Parties in the Hidden Ridge Action.

Settlement Agreement & Release at ¶ 1.3 (some emphases added).

On January 20, 2015, Hidden Ridge filed a Petition to Enforce Settlement Agreement, asserting Scioto failed to complete the permanent stormwater detention facility and dedicate it to South Park Township by December 2014, as required in the Settlement Agreement. Hidden Ridge's Petition to Enforce Settlement Agreement, 1/20/15, at 2-3 (unpaginated). On February 17, 2015, the trial court entered an order granting the petition, and directing Scioto as follows:

> Scioto . . . shall complete construction of the permanent stormwater detention facilities and take the appropriate steps to

have the facilities **dedicated to and accepted by the Township**, without further delay weather permitting. Should Scioto fail to satisfy any of these obligations by **June 30, 2015** [Hidden Ridge] may then proceed with a Motion for Sanctions and request the entry of such sanctions as the court deems appropriate, including an award of reasonable attorney fees and any other reasonable costs associated with the construction and/or acceptance of the stormwater facilities.

Order, 2/17/15 (emphases added).

Almost three years later, on January 22, 2018, Hidden Ridge filed a motion for sanctions. *See* Hidden Ridge's Motion for Sanction, 1/22/18. It asserted that Scioto "blatant[ly] disregard[ed]" the trial court's February 2015 order and, additionally, "allowed the condition of the pond to deteriorate" such that it was in "need of repair to satisfy the requirements of the Township[.]" *Id.* at ¶¶ 8-9. Additionally, Hidden Ridge alleged the "downspouts and lines which are in place to convey stormwater" to the pond were "in need of repair . . . to satisfy the Township standards for acceptance of the permanent stormwater detention facilities." *Id.* at ¶ 9.

The trial court conducted a contempt hearing on April 11, 2018. Hidden Ridge presented testimony concerning the deterioration of various drainage pipes throughout the development leading to the stormwater detention pond, and whether those pipes were part of the permanent stormwater detention facilities contemplated in the Settlement Agreement. *See* N.T., 4/11/18, at 7-11, 45-47, 64, 85. Scioto presented evidence, *inter alia*, that a South Park Township ordinance "expressly" stated the Township "will **not** accept the dedication of storm water detention and/or management systems." *Id.* at 38

- 5 -

(emphasis added); *see also id.* at 59.  Two days later, the court entered an order, and accompanying memorandum, finding Scioto was in contempt of the court's February 17, 2015, order.  The court concluded "it was clearly established that the first formal attempt [by Scioto] to obtain approval from South Park Township for [the stormwater] detention facility was an email dated November 19, 2015[,]" almost five months after the court's extended deadline.  Trial Ct. Memo., 4/13/18, at 2 (unpaginated).  The trial court also noted that Scioto presented evidence that the South Park Township zoning ordinance — which was in effect at the time of the Settlement Agreement — provided the Township would "**not** accept dedication of or accept a dedicated storm water facility." *Id.* (emphasis added).  Accordingly, the court scheduled a hearing "on the appropriate nature and/or amount of a sanction(s) to be imposed[.]"  Order, 4/13/18.

The sanctions hearing proceeded on July 25, 2018.  Hidden Ridge's witnesses testified that it would cost $130,000 to replace the deteriorating pipes and drains, and $88,000 to bring the "existing storm water retention basin" to an acceptable standard for "dedication by a municipality."  N.T., 7/25/18, at 41-42, 47-48, 57.  Hidden Ridge also presented evidence that a permanent stormwater detention facility would incur "annual expected maintenance costs" of $5,000 to $10,000.  *Id.* at 60.  Lastly, Hidden Ridge presented evidence that on October 13, 2017 — without Hidden Ridge's knowledge or approval — Scioto recorded a quitclaim deed to the parcel of land upon which the stormwater detention pond was located.  *See id.* at 16.

For its part, Scioto presented conflicting testimony that it would cost $20,240 "to bring [the] pond up to standards[.]" *Id.* at 108, 123.

On August 1, 2018, the trial court entered an order directing Scioto to pay Hidden Ridge $39,283.05, to "restore the pond/water detention facility to a functioning condition." Order, 8/1/18. The court also explicitly stated: "From the payment of said $39,283.05 forwards the responsibility of the maintenance and repair of the pond/water detention facility shall be with" Hidden Ridge. *Id.* In an accompanying memorandum opinion, the trial court acknowledged that while the Settlement Agreement required Scioto to dedicate the stormwater detention facility to South Park Township, "[i]t became apparent . . . that South Park Township does not accept for dedication or accept generally a storm water facility." Trial Ct. Memo., 8/1/18, at 2 (unpaginated). Therefore, the court noted "there is an impossibility in terms of performance[.]" *Id.* The court recognized Hidden Ridge's position that Scioto should have requested an exception to the ordinance, which "some witnesses" stated was not "an unusual thing to do[.]" *Id.* However, it observed "there was no proof offered by Hidden Ridge that such an exception would have been granted." *Id.*

On August 8, 2018, Hidden Ridge filed a motion to mold the award, requesting the court award both counsel and expert witness fees. In the meantime, Scioto appealed from the court's contempt and sanction orders, and Hidden Ridge filed a cross-appeal. Thereafter, on October 23, 2018, the trial amended its August 1, 2018, order "to reflect that in addition to the award

of $39,283.05," it was awarding Hidden Ridge counsel and expert witness fees for a total award of $62,507.65. Order, 10/23/18. Scioto filed another appeal from this order, and Hidden Ridge cross-appealed. Both appeals and cross-appeals were consolidated for disposition.

On October 1, 2019, a panel of this Court reversed the contempt order and vacated both sanctions orders. *See Hidden Ridge Condominium Assoc.*, 1272 WDA 2018 *et al.* (unpub. memo. at 4). Specifically, the panel concluded that, while the record supported the trial court's determination that Scioto "failed to complete its work in timely fashion," the trial court did not make any finding that Scioto acted willfully or with wrongful intent as is required to hold a party in civil contempt. *See id.* at 12-13. Relevant to the present appeal, the panel included the following footnote in its decision:

> Of course, to the extent Hidden Ridge may conclude that Scioto has not met its obligations under the Settlement Agreement, it may file a separate, revised and/or amended Petition to Enforce, as set forth in the Settlement Agreement. . . .

*Id.* at 10 n.6 (record citation omitted).

Following this Court's decision, on October 14, 2019, Hidden Ridge filed an amended petition to enforce the Settlement Agreement, asserting Scioto breached the terms of the Agreement and requesting damages "appropriate to place Hidden Ridge in the position they would have been in if the Settlement Agreement was not breached[,]" including striking the quitclaim deed. Hidden Ridge's Motion for Oral Argument & Hearing Date/Amended Petition to Enforce Settlement Agreement Pursuant to Superior Court Opinion of October 1, 2019,

10/14/19 (Amended Petition to Enforce), at 2, 5-6 (unpaginated).[3] Hidden Ridge asserted that it had "already presented substantial evidence" and developed the record at the two prior evidentiary hearings. *Id.* at 5 (unpaginated). However, it asked the court to "schedule argument and/or a hearing for purposes of assessing damages as described [in the petition] and . . . in the prior hearings, and then enter a final Order on the Petition . . . awarding such damages." *Id.* at 6 (unpaginated).

On October 29, 2019, the trial court granted Hidden Ridge's amended petition and directed the parties to appear for oral argument on December 17, 2019. Order, 10/29/19. The court further stated: "Thereafter, a determination will be made as to the scheduling of a hearing for purposes of entering a Final Order on the Petition to Enforce the Settlement Agreement." *Id.*

Meanwhile, on December 16th, Scioto filed a memorandum in opposition to Hidden Ridge's amended petition. Scioto argued, *inter alia*, that "[t]he summary procedure and relief proposed by Hidden Ridge [was] inconsistent with the procedural posture of this matter, and with Scioto's substantial rights." Scioto's Memorandum in Opposition to Hidden Ridge's Amended Petition to Enforce, 12/16/19, at 4. Rather, Scioto insisted the trial court conduct a "full adversarial proceeding to determine the parties' rights under the Settlement Agreement," including several affirmative defenses and

---

[3] Hidden Ridge filed a second, identical motion on October 29, 2019.

counterclaims Scioto intended to assert. ***See id.*** at 4-6. Indeed, Scioto maintained that Hidden Ridge was required to file a new breach of contract action to obtain relief, rather than pursue its claims *via* an amended petition to enforce.[4] ***See id.*** at 4-5.

On December 17, 2019, the trial court entered an order which, once again, granted Hidden Ridge's amended petition, and directed Scioto to file a reply "setting forth any defenses [it] intend[ed] to raise" within 30 days." Order, 12/17/19, at 1 (unpaginated). The court provided Hidden Ridge with 30 days to respond, and scheduled a hearing for April 2 and 3, 2020, at which time "the parties may offer additional witnesses to supplement the record . . . so that this matter may be finally decided" based upon the record from the prior two hearings and any supplemental testimony. ***Id.*** at 2 (unpaginated).

Scioto filed an answer to Hidden Ridge's petition, raising several affirmative defenses including the statute of limitations, failure to state a claim, mutual mistake, impossibility, unclean hands, and setoff,[5] and

---

[4] Scioto does not pursue this argument on appeal.

[5] Scioto also filed a separate complaint at Docket No. GD 19-017623 (2019 Action), asserting Hidden Ridge was "inappropriately suspending the voting rights maintained by Scioto" — the same argument asserted in its affirmative defense of unclean hands. ***See*** Trial Ct. Op. at 12; Scioto's Answer & Affirmative Defenses to Hidden Ridge's Amended Petition to Enforce, 1/16/20, at 8-11. That lawsuit was subsequently consolidated with the present matter. ***See*** Order, 2/19/20. Thereafter, Scioto filed a motion for a preliminary injunction in the 2019 Action. However, on July 1, 2020, the trial court entered an order sustaining preliminary objections filed by Hidden Ridge in the 2019 Action, and dismissing Scioto's complaint. ***See*** Order, 7/1/20.

requesting entry of judgment in its favor. *See* Scioto's Answer & Affirmative Defenses to Hidden Ridge's Amended Petition to Enforce at 5-13. Hidden Ridge filed a motion seeking to strike the defenses filed by Scioto, which the trial court denied by order entered July 1, 2020. Order, 7/1/20. The court also directed: "The parties may conduct discovery through 8/31/2020; after which the parties and the court shall determine the appropriate forum for resolution of the matters in this petition, i.e. hearing or argument." *Id.*

On January 15, 2021, Hidden Ridge filed a motion for scheduling order. It noted that the parties completed discovery per the court's July 1st order, and the "matter [was] in a position to be placed in line for a determination." Hidden Ridge's Motion for Scheduling Order, 1/15/21 at 2 (unpaginated). Further, Hidden Ridge averred that the record had been developed "as a result of the prior hearings" and recent depositions, such that the claims could be resolved "by way of dispositive motion[;]" it stated that Scioto's counsel agreed "by email [that] some or all of the claims" could be resolved in that

---

Scioto appealed to this Court, which quashed the appeal because the trial court did not dismiss the complaint with prejudice, or rule on Scioto's motion for a preliminary injunction. *See Scioto v. Hidden Ridge*, 806 WDA 2020, 807 WDA 2020 (Pa. Super. Nov. 20, 2020).

Subsequently, Scioto requested permission to file an amended complaint in the 2019 Action. On March 11, 2021, the trial court granted Scioto's request, but stayed "all matters" in the 2019 Action "pending resolution" of the present matter. Order, 3/11/21.

manner.[6]  ***Id.***  Less than two weeks later, on January 28, 2021, the trial court entered an order granting Hidden Ridge's motion.  Order, 1/28/21.  Relevant herein, the court directed:

> As a record has been developed in this case, the pending Petition to Enforce Settlement Agreement as well as the claims of Scioto . . . raised in their Answer and Defenses shall be initially considered by way of dispositive motion.  Either party may file a dispositive motion [followed by a response].  Thereafter, if the matter is not resolved as a result of the dispositive motion(s), either party may file an additional motion requesting a final hearing be scheduled, and such a Motion will be considered by the Court at that time.

***Id.***

Subsequently, on May 21, 2021, Hidden Ridge filed a dispositive motion concerning the issues of liability and damages, and Scioto filed a brief in opposition on July 8, 2021.  Scioto argued, *inter alia*, that a hearing was required so that it could present its defenses to Hidden Ridge's breach of contract argument, which were not relevant at the time of the contempt and sanctions hearings.  ***See*** Scioto's Brief in Opposition to Hidden Ridge's Dispositive Motion as to the Issues of Liability & Damages, 7/8/21, at 7-8. ***See also id.*** at 3 ("The Court must hear testimony, review pertinent documentary evidence and solicit arguments on the factual and legal issues raised in Scioto's Answer and New Matter before it can resolve Hidden Ridge's claims.").

---

[6] We note that this purported email from Scioto's counsel is not included in the certified record.

The trial court declined to conduct a hearing, and just over a week later, on July 16, 2021, entered the following order:

[U]pon consideration of [Hidden Ridge's] Dispositive Motion in the Nature of Summary Judgment as to the issue of Liability and Certain Damages, and any response thereto, it is hereby ORDERED that said Motion is GRANTED.

Judgment is entered in this case against Scioto and in favor of [Hidden Ridge] in the amount of $220,874.25 and the Quitclaim Deed which Scioto recorded on or about October 13, 2017 . . . is hereby ordered to be stricken such that Scioto shall remain responsible for the on-going and continued maintenance of the subject parcel until such time as Scioto petitions the Court based upon the Township agreeing to accept and dedicate the subject stormwater facilities.

Order, 7/16/21, at 1-2 (unpaginated). Scioto filed this timely appeal.[7]

_____

[7] On August 9, 2021, the trial court ordered Scioto to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Scioto complied and filed its concise statement on August 30, 2021. The trial court then filed a Pa.R.A.P. 1925(a) opinion on November 8, 2021.

We note that on October 7, 2021, this Court issued Scioto a rule show cause why the appeal should not be quashed. *See* Show Cause Order, 10/7/21. We observed that the trial court's July 16th order granted summary judgment as to only "certain damages" and the trial court later entered an order on this docket granting an injunction. *See id.* at 1 (unpaginated). Scioto replied to the show cause order explaining: (1) although the court purported to award "certain damages," it, in fact, awarded all relief requested by Hidden Ridge; and (2) the injunction issued on September 21, 2021, related to the separate 2019 action filed by Scioto at Docket No. GD 19-017623. *See* Scioto's Response to Rule to Show Cause, 10/20/21, at 1-3. Scioto explained that the 2019 Action was stayed pending resolution of this action, which originated in 2008. *Id.* at 1. After this matter was resolved *via* the court's July 16th order, Scioto filed a motion for a preliminary injunction in the 2019 Action. *Id.* Because these matters were consolidated, the court entered an order granting the injunction under both docket numbers. *Id.* However, Scioto insisted that the injunction relates only to the 2019 Action,

Scioto presents the following six issues for our review:

I.      Whether the [trial] court erred, as a matter of law, entering summary judgment when genuine issues of material fact remained in dispute[?]

II.     Whether the [trial] court erred, as a matter of law, entering summary judgment without holding a trial or evidentiary proceeding on (or addressing) Scioto's affirmative defenses[?]

III.    Whether the [trial] court erred, as a matter of law, allowing Hidden Ridge to pursue a cause of action for breach of contract more than four years after Hidden Ridge alleges the breach occurred[?]

IV.     Whether the [trial] court erred, as a matter of law, awarding damages unsupported by — and in fact contrary to — the evidence[?]

V.      Whether, after this Court reversed and vacated the [trial] court's contempt order and awards, the [trial] court erred as a matter of law or abused its discretion by contradicting in dramatic fashion its previous findings and conclusions regarding the proper remedy to place the parties where they would have been had the contract been capable of performance[?]

VI.     Whether the [trial] court erred as a matter of law entering summary judgment against Scioto for breach of contract notwithstanding contract language that is unambiguous or, alternatively, is ambiguous but without hearing evidence bearing on the parties' intent[?]

Scioto's Brief at 3 (some capitalization removed).

_____

and "[t]here are no issues remaining in the 2008 Action, from which the instant appeal is taken[.]" *Id.* at 4-5. Following Scioto's response, this Court discharged the show cause order. *See* Order, 10/7/21. Upon our review, we agree the trial court's July 16, 2021, order is final and appealable as to the action commenced in 2008.

Scioto's first two claims focus on the trial court's failure to conduct a hearing following Hidden Ridge's amended petition to enforce the Settlement Agreement, and Scioto's response. In its first issue, Scioto argues that Hidden Ridge's "Dispositive Motion" was, essentially, a motion for summary judgment, which "attempted to resolve . . . numerous factual disputes presented by the evidence[.]" Scioto's Brief at 33. However, it maintains that genuine issues of material fact remain, which preclude the entry of summary judgment. *See id.* at 39. Similarly, in its second issue, Scioto contends the trial court improperly entered judgment without permitting Scioto the opportunity to present evidence on its "fact-laden affirmative defenses[.]" *Id.* at 42. Nor, as it further claims, did the court address any of the proposed defenses in the order granting Hidden Ridge's motion, or Rule 1925(a) opinion. *See id.* Because we agree the trial court erred by entering judgment in favor of Hidden Ridge without permitting Scioto the opportunity to present evidence of its proposed defenses, we are constrained to vacate the order on appeal, and remand for further proceedings.

Preliminarily, we note that despite the summary nature of this proceeding — including the trial court's own designation of its order as granting Hidden Ridge's "Dispositive Motion in the Nature of Summary Judgment"[8] — we do not view this matter as an appeal from an order granting summary judgment pursuant to Pennsylvania Rule of Civil Procedure 1035.2.

---

[8] *See* Order, 7/16/21, at 1 (unpaginated).

Rather, our review of a trial court's decision to enforce a settlement agreement

is well-settled:

> When reviewing a trial court's decision to enforce a settlement agreement, our scope of review is plenary as to questions of law, and we are free to draw our own inferences and reach our own conclusions from the facts as found by the court. However, we are only bound by the trial court's findings of fact which are supported by competent evidence. The prevailing party is entitled to have the evidence viewed in the light most favorable to its position. Thus, we will only overturn the trial court's decision when the factual findings of the court are against the weight of the evidence or its legal conclusions are erroneous.

**Salsman v. Brown**, 51 A.3d 892, 893–94 (Pa. Super. 2012) (citation

omitted).

Here, however, based upon the undeveloped record and the trial court's

summary opinion,[9] we are unable to determine whether the court's factual

findings are supported by competent evidence. Although we recognize the

trial court relied upon the testimony presented at both the April 11, 2018,

contempt hearing, and July 25, 2018, sanctions hearing, neither of these

proceedings focused on the critical issue raised here — whether Scioto

_____

[9] Although the trial court's opinion is 21 pages, the court devoted the first seven pages to rehash the contempt proceeding in detail, criticize this Court's 2019 decision vacating the contempt order, and express its frustration that "[t]here have been no consequences imposed for Scioto's thirteen (13) years of failures in completing the Hidden Ridge Condominium projects; at least none approved by the Superior Court of Pennsylvania." **See** Trial Ct. Op. at 1-7. The next nine pages recount the lengthy procedural history of this matter. **See id.** at 7-16. In fact, the trial court declined to address the 13 issues Scioto presented in its Rule 1925(b) statement because it concluded they were "extraneous, repetitive, and in instances, disingenuous." **Id.** at 19 (footnote omitted).

- 16 -

breached the terms of the Settlement Agreement (as opposed to the court's February 2015 order), and if so, whether Scioto can establish a defense to excuse its breach. We recognize that the trial court was attempting to streamline this dispute, which has, admittedly, been languishing in the courts for far too long. However, in doing so, the court precluded Scioto from having the opportunity to prove its affirmative defenses. No matter how well-intentioned the trial court may be, this Court cannot countenance the deprivation of due process rights.

Furthermore, to the extent the trial court determined it could dispose of the claims on the record before it, its failure to detail any factual findings in either its July 16th order or Rule 1925 opinion undermines our ability to determine if its factual findings are supported by the record. In fact, the trial court's substantive discussion of Scioto's claims consists of the following:

> [T]he parties entered into a valid, written Settlement Agreement in which the parties bargained in exchange for consideration; specifically, Scioto was to accommodate Hidden Ridge's valid complaints of water retention problems due to inadequate construction in exchange for a release from litigation by Hidden Ridge. The objective was to place the parties in the same position they would have enjoyed if the Settle[ment] Agreement had been adhered to.
>
> After reliable testimony delivered by competent and comparable experts; that testimony and evidence assessed by this [c]ourt, and it was determined that the total damages necessary to compensate Hidden Ridge for Scioto's failure to complete the water retention plan in compliance with Township code pursuant to the parties['] 2012 Agreement and Release was $220,874.25.
>
> &ast; &ast; &ast;

- 17 -

The trial court was tasked with determining an amount of damages that would make Hidden Ridge whole, i.e., by restoring them to the same financial position they would have enjoyed pursuant to the parties' own intentions as evidenced by the Settlement Agreement. This [c]ourt's award did not include maintenance costs of the pond into perpetuality or dedications that have been deemed impossible. . . . or any other of the errantly supplied justifications for the award by Scioto. The [t]rial [c]ourt simply determined that it would take $220,874.25 to do what Scioto legally obligated themselves to do to resolve this litigation.

Trial Ct. Op. at 20-21 (footnote omitted).

In particular, we note that the trial court did not specify how it arrived at the damages award of $220,874.25. **See** Trial Ct. Op. at 15-16, 20. While Hidden Ridge insists the evidence presented at the July 25th sanctions hearing supports the court's award, we note that following that hearing, the trial court initially sanctioned Scioto **only** $39,283.05. **See** Hidden Ridge's Brief at 49; Order, 8/1/15. An explanation about how the trial court arrived at a figure roughly $180,000 more than the original award would be helpful on appeal.

Even more confusing is the issue of the quitclaim deed. In its July 16th order, the trial court directed that the deed be stricken "such that Scioto shall remain responsible for the on-going and continued maintenance of the subject parcel until such time as Scioto petitions the Court based on the **Township agreeing to accept and dedicate the subject stormwater facilities**." Order, 7/16/21, at 1-2 (unpaginated) (emphasis added). However, in its opinion, the court declined to address the quitclaim issue. Trial Ct. Op. at 19 (footnote omitted). Moreover, the trial court insisted that its damages award "did **not** include maintenance costs of the pond into perpetuity or dedications

that have been deemed impossible[.]" ***Id.*** at 21 (emphasis added). It further noted: "Any 'adoption' of the water retention system by South Park was . . . ruled an impossibility and inoperable[.]" ***Id.*** at 20 n.10. This appears to contradict the court's order directing Scioto to maintain the pond until it is dedicated to and accepted by the Township — which the court recognizes is an "impossibility." ***Id.***

Accordingly, at this juncture, we are constrained to vacate the judgment in favor of Hidden Ridge and remand for further proceedings. Because of our disposition, we need not address Scioto's remaining claims, which all relate to the evidence, or lack thereof, supporting the trial court's ruling. ***See*** Scioto's Brief at 43 (trial court ignored statute of limitations defense); 44 (damages award was not supported by evidence); 48 (trial court contradicted its prior evidentiary findings after this Court's reversal of contempt order); 52 (settlement agreement either did not require, or was ambiguous, as to whether Township had to **accept** dedication of stormwater detention facility). We emphasize that our ruling does not require a hearing on matters addressed at the prior hearings. Rather, the trial court may limit any new hearing to evidence and testimony not previously presented.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judge Nichols joins this memorandum.

Judge Kunselman files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/9/2023